BILLUPS v HOWELL PUBLIC SCHOOLS

Docket No. 96565. Submitted December 9, 1987, at Lansing. Decided March 22, 1988. Leave to appeal applied for.

 Claimants, Robert A. Billups, Doris C. Sherman and others, are maintenance or custodial employees of respondent, Howell Public Schools. Their bargaining agreement provided that they work fifty-two weeks per year, not including personal vacation or holidays. Their work schedule included the days between Christmas and New Year's Day, an established holiday period for the students. Claimants were laid off from December 26, 1982, through January 1, 1983, and returned to work immediately thereafter. The claimants applied for unemployment benefits. A Michigan Employment Security Commission hearing referee denied claimants benefits because the unemployment occurred during an established and customary vacation or holiday under MCL 421.27(i)(2)(b); MSA 17.529(i)(2)(b). The Michigan Employment Security Commission Review Board upheld the referee's determination. Claimants appealed to the Livingston Circuit Court. The circuit court, Daniel A. Burress, J., reversed, holding that a customary and established holiday or vacation should be determined by the parties' collective bargaining agreement rather than by the school system's academic calendar. Respondent appealed.

 The Court of Appeals *held:*

 1. The Legislature did not intend to make unemployment benefits for nonteacher educational institution employees dependent on whether students were customarily in school during the unemployment period. A vacation period or holiday recess is established and customary when the employees in question do not traditionally work during that period and do not have a collective bargaining agreement to work during that period.

 2. Where, as here, the claimants had both a tradition of

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 5, 21, 22, 86.

Unemployment compensation as affected by vacation or payment in lieu thereof. 14 ALR4th 1175.

Right to unemployment compensation as affected by claimant's receipt of holiday pay. 3 ALR4th 557.

working from December 26 through January 1 and a collective bargaining agreement to work for that period, then they had a reasonable expectation to work during that period. Thus, their layoffs did not occur during an established or customary vacation period under § 27 (i)(2)(b), and they are entitled to unemployment benefits.

Affirmed.

1. Unemployment Compensation — Michigan Employment Security Act.

The purpose of the Michigan Employment Security Act is to protect against the economic crunch that results to those who, through no fault of their own, find themselves unemployed; the disqualification provisions of the act are to be narrowly construed in favor of those involuntarily unemployed through no fault of their own (MCL 421.1 *et seq.;* MSA 17.501 *et seq.*).

2. Unemployment Compensation — Michigan Employment Security Act — Educational Institution Employees — Vacation Period.

The Legislature, in enacting the section of the Michigan Employment Security Act concerning the payment of unemployment benefits to certain educational institution employees who perform in other than an instructional, research, or principal administrative capacity, did not mean the words "established and customary vacation period or holiday recess" to mean those periods when students are not customarily in school; rather, a vacation period or holiday recess is established and customary when the employees in question do not traditionally work during that period and do not have a collective bargaining agreement to work during that period (MCL 421.27[i][2][b]; MSA 17.529[i][2][b]).

*L. Rodger Webb, P.C.* (by *L. Rodger Webb*), for the claimants.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato*), for respondent.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Sherwin Vine,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: DANHOF, C.J., and SHEPHERD and C. L. BOSMAN,* JJ.

PER CURIAM. On June 6, 1985, the Michigan Employment Security Commission Review Board upheld a referee's determination that the claimants were not entitled to unemployment compensation benefits under the Michigan Employment Security Act, MCL 421.1 *et seq.;* MSA 17.501 *et seq.* The claimants' application for a rehearing was denied. Claimants appealed to the circuit court. The circuit court reversed the Michigan Employment Security Commission Review Board's denial of benefits to claimants. Respondent Howell Public Schools appeals as of right from the circuit court's order reversing the order denying benefits to claimants.

The relevant facts in this case are not in dispute. Claimants were members of AFSCME Local 2652, which had a collective bargaining agreement with respondent Howell Public Schools. Claimants were either maintenance or custodial employees. The bargaining agreement provided that the claimants would work on an hourly basis for fifty-two weeks per year, not including personal vacation or holidays. Their work schedule included the days between Christmas and New Year's Day, spring break, and summer vacation, when students normally are not in school.

Notice was given to claimants of a one-week layoff from December 26, 1982, through January 1, 1983. Claimants had never before been laid off by respondent during this period of time. This time period was not a customary, established holiday or vacation period under the collective bargaining agreement. However, it was a customary, established holiday period for the students. All claim-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ants worked the week prior to the week of layoff, had reasonable assurance of employment for the week after layoff, and all claimants returned to work immediately after the week of layoff.

Claimants applied for unemployment benefits for the one-week period of layoff. The claims were consolidated and the Michigan Employment Security Commission hearing referee denied claimants benefits because claimants' unemployment occurred during an established and customary vacation or holiday under MCL 421.27(i)(2)(b); MSA 17.529(i)(2)(b). The Michigan Employment Security Commission Review Board upheld the referee's determination. However, the circuit court reversed on the basis that a customary and established holiday or vacation should be determined by the parties' collective bargaining agreement rather than by the school system's academic calendar.

The circuit court may reverse an order or decision of a referee or the Michigan Employment Security Commission Review Board if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. MCL 421.38; MSA 17.540. The facts in this case are not contested. Therefore, this Court reviews the circuit court's determination that the appeal board did not properly apply the law. *Larkin v Bay City Public Schools,* 89 Mich App 199, 203; 280 NW2d 483 (1979), lv den 406 Mich 979 (1979).

Section 27(i) of the Michigan Employment Security Act provided at the time of the claimants' request for benefits as follows:

(i) Benefits based on service in employment described in section 42(8), (9), and (10) shall be payable in the same amount, on the same terms, and subject to the same conditions as compensation

payable on the basis of other service subject to this act, except that:

* * *

(2) With respect to service performed in other than an instructional, research or principal administrative capacity for an educational institution other than an institution of higher education as defined in section 53(3), benefits shall not be paid based on those services for any week of unemployment beginning after December 31, 1977: (a) which commences during the period between two successive academic years or terms to any individual if such individual performs such service in the first of such academic years or terms and if there is a reasonable assurance that such individual will perform such service in the second of such academic years or terms; or (b) which commences during an established and customary vacation period or holiday recess if the individual performs such service in the period immediately before the vacation period or holiday recess, and there is a reasonable assurance that the individual will perform such service in the period immediately following the vacation or holiday recess. [MCL 421.27(i); MSA 17.529(i).]

The issue in the present case is whether claimants were unemployed during an established and customary vacation period or holiday recess under § 27(i)(2)(b) above. If so, claimants may not receive unemployment compensation because their unemployment occurred within a denial period. We believe that the circuit court correctly applied the law when it reversed the decision of the Michigan Employment Security Commission.

The circuit court correctly distinguished *Larkin, supra,* from the present case. In *Larkin,* a hall monitor who had never before worked during the school summer vacation period had her employment terminated as of June 7, 1975. Plaintiff was told that her services were not required for the

1975-76 school year. There is no mention in the *Larkin* decision of whether plaintiff had an employment contract or whether any such employment contract provided that she would be employed during the summer months. Plaintiff's argument in *Larkin* was that her unemployment did not occur during a denial period because it did not fall between two successive academic years. Her unemployment did not fall between two successive academic years, plaintiff argued, because she was not going to have a 1975-76 academic year due to her unemployment. This Court rejected the argument that an academic year is defined by an individual's particular circumstances. *Larkin* did not address the issue of whether an academic year under § 27(i)(2)(a) could be defined by a collective bargaining agreement. Nor did *Larkin* address whether a layoff during a period when the employee had traditionally worked occurred during a denial period under § 27(i)(2)(b). In the present case, claimants had a collective bargaining agreement providing that they would work fifty-two weeks per year. In addition, the claimants had traditionally worked during the period that they were laid off. Therefore, *Larkin* does not address the issue in the present case.

The circuit court correctly applied *Rogel v Taylor School Dist,* 152 Mich App 418; 394 NW2d 32 (1986). *Rogel* was characterized by this Court as a case of first impression. In *Rogel,* there was a collective bargaining agreement for the nonteaching claimants to begin work on September 1, which was also the beginning date of the traditional school year. However, due to financial difficulties, the school district changed its calendar to reflect that the school year would begin on September 28. This Court noted that one of the rationales behind the denial periods of § 27(i) is that

"school employees know of the seasonal layoff well in advance . . . and are not faced with the same 'economic crunch' as those who are unpredictably laid off during the year." *Rogel, supra,* p 424. The claimants in *Rogel* were laid off during a period when they had every reasonable expectation of working. They therefore suffered the economic crunch that unemployment compensation was meant to protect against. In addition, this Court noted that disqualification provisions are to be narrowly construed in favor of those involuntarily unemployed through no fault of their own. Therefore, this Court held that the claimants were entitled to unemployment compensation because their unemployment from September 1 to September 28 occurred during an academic year rather than between academic years.

As in *Rogel,* the claimants in the present case had every reasonable expectation of working between December 26 and January 1. Not only had claimants traditionally worked during that time period, but their collective bargaining agreement provided that they would work during that time period. We will not interpret the words "established and customary vacation period or holiday recess" in § 27(i)(2)(b) to mean those periods when students are not customarily in school. We do not believe that the Legislature intended to make unemployment benefits for nonteachers dependent on whether students were customarily in school during the unemployment period. Rather, a vacation period or holiday recess is established and customary when the employees in question do not traditionally work during that period and do not have a collective bargaining agreement to work during that period. Where, as in the present case, the claimants had both a tradition of working from December 26 through January 1 and a collec-

tive bargaining agreement to work for that period, then they had a reasonable expectation to work during that period. Thus, their layoffs did not occur during an established or customary vacation period under § 27(i)(2)(b), and they are entitled to unemployment benefits.

The order of the circuit court reversing the order of the Michigan Employment Security Commission is affirmed.