PETRELIUS v HOUGHTON-PORTAGE TOWNSHIP SCHOOLS

Docket No. 278494. Submitted November 4, 2008, at Lansing. Decided
November 20, 2008, at 9:05 a.m.

The board of review of the Employment Security Commission, now
the Unemployment Insurance Agency, awarded William M. Petre-
lius, a custodian for the Houghton-Portage Township Schools,
unemployment benefits for a six-week layoff during the summer
break between two school years. The Houghton Circuit Court,
Garfield W. Hood, J., affirmed the board's decision. The Houghton-
Portage Township Schools appealed by leave granted.

The Court of Appeals held:

Pursuant to MCL 421.27(i)(2), employees working for an
education institution, who are not teachers, researchers, or prin-
cipal administrators, may not receive unemployment benefits
during summer break if, as in this case, they have reasonable
assurance that they will be working in the school year that follows
the summer break.

Reversed and remanded to the board of review.

*Gregory, Moore, Jeakle, Heinen & Brooks, P.C.* (by
*Gordon A. Gregory*), for William M. Petrelius.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, and *Mark F. Davidson* and *Roland
Hwang*, Assistant Attorneys General, for the Department
of Labor & Economic Growth, Unemployment Insurance
Agency.

*Thrun Law Firm, P.C.* (by *Roy H. Henley*), for the
Houghton-Portage Township Schools.

Before: FITZGERALD, P.J., and BANDSTRA and SCHUETTE,
JJ.

PER CURIAM. Appellant, Houghton-Portage Township Schools (the school district), appeals by leave granted the trial court's order affirming a decision by the Employment Security Commission Board of Review (now the Unemployment Security Board of Review) to award unemployment benefits to claimant, William M. Petrelius, a custodian, for a layoff period of about six weeks in the summer of 2005. The school district argues that the trial court and the board of review erred in finding that claimant is eligible for unemployment benefits. The school district maintains that the plain language of MCL 421.27(i)(2) precludes the award of unemployment benefits. We agree with the school district, reverse the decision of the board of review, and remand this case to the board.

"A final agency decision is subject to court review, but it must generally be upheld if it is not contrary to law, is not arbitrary, capricious, or a clear abuse of discretion, and is supported by competent, material and substantial evidence on the whole record. 'Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence.' " *VanZandt v State Employees' Retirement Sys*, 266 Mich App 579, 583-584; 701 NW2d 214 (2005) (citations omitted). "This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Id.* at 585. "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Id.*

Statutory interpretation presents a question of law subject to review de novo. *Brown v Detroit Mayor*, 478

Mich 589, 593; 734 NW2d 514 (2007). While appellate courts give respectful consideration to the construction of statutory provisions by any particular department of the government, the department's interpretation is not binding on the court and cannot be used to overcome a statute's plain meaning. *In re Rovas Complaint Against SBC Michigan*, 482 Mich 90, 103; 754 NW2d 259 (2008). The primary goal of statutory construction is to discern and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). The words of a statute provide the most reliable evidence of the Legislature's intent. *Id.* If the statutory language is unambiguous, appellate courts presume that the Legislature intended the plainly expressed meaning, and further judicial construction is neither required nor permitted. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000).

MCL 421.27(i)(2), also known as the "school denial period" provision, provides:

> With respect to service performed in other than an instructional, research, or principal administrative capacity for an institution of higher education as defined in section 53(2) or for an educational institution other than an institution of higher education as defined in section 53(3), benefits shall not be paid based on those services for any week of unemployment beginning after December 31, 1977 that commences during the period between 2 successive academic years or terms to any individual if that individual performs the service in the first of the academic years or terms and if there is a reasonable assurance that the individual will perform the service for an institution of higher education or an educational institution other than an institution of higher education in the second of the academic years or terms.

It is undisputed that the period of unemployment at issue occurred between two successive academic years,

that claimant performed services for the school district in the first of those academic years, and that claimant was given reasonable assurance that he would perform services for the school district in the second of those academic years. MCL 421.27(i)(2) states that "benefits shall not be paid" for any week of unemployment commencing between successive academic years under such circumstances. The phrase "shall not" is unambiguous and denotes a mandatory, rather than a discretionary, action. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002).

This Court has explained the operation of the school denial provision as follows: "In simpler terms, employees working for an educational institution, who are not teachers, researchers, or principal administrators, may not receive unemployment benefits during summer break if they have a reasonable assurance that they will be working in the academic year that follows the summer break." *Adams v West Ottawa Schools*, 277 Mich App 461, 463; 746 NW2d 113 (2008). In the present case, because the layoff period was during the summer break and claimant was given reasonable assurance that his duties would resume in the following academic year, he is not eligible for benefits. *Id.*; See also *Riekse v Grand Rapids Pub Schools*, 144 Mich App 790, 792-793; 376 NW2d 194 (1985).

The denial of benefits unquestionably results in hardship for claimant. However, the school denial period provision is an expression of legislative intent not to protect all persons who might be in a position to claim involuntary unemployment. *Paynes v Detroit Bd of Ed*, 150 Mich App 358, 367; 388 NW2d 358 (1986). Its clear language cannot be ignored on the basis of any alleged general purposes or legislative intent underlying the statute. Directly contrary to appellees' argu-

ments, even the statutory declaration of policy, MCL 421.2, only becomes helpful "if [specific disqualification provisions are] vague or ambiguous," *Thomas v Employment Security Comm*, 356 Mich 665, 668-669; 97 NW2d 784 (1959), and that is not the case here. In other words, even if the statute is to be liberally construed to fulfill its employee protection purposes, such construction cannot ignore and contradict specific limitations on that protection. Courts should not nullify the clear policy choice made by the Legislature in MCL 421.27(i)(2) and thereby undermine the legitimate expectations of Michigan citizens that laws will be enforced as written. See *Karaczewski v Farbman Stein & Co*, 478 Mich 28, 42; 732 NW2d 56 (2007).

Claimant emphasizes that, in the years before 2003, he was employed throughout the summer, and he notes that his pay structure and benefits reflected that full-year employment. However, MCL 421.27(i)(2) neither provides an exception for employees who may have been offered employment for the period between two successive academic years in years past, nor does it permit consideration of an employee's subjective expectations regarding the possibility of continued employment between two successive academic years.[1] We reiterate that, by its plain language, MCL 421.27(i)(2) applies to any week of unemployment between successive academic years for any individual performing services in the first of those years and with a reasonable assurance of performing those services in the second of those years. Claimant's period of unemployment meets this

---

[1] We note that, with regard to claimant's purported expectation of year-round employment, claimant was not employed for a portion of the summers of 2003 and 2004, and claimant was notified at a meeting during August 2004, and again in writing in March 2005, that he would not be employed from July 1, 2005, until August 15, 2005.

criterion. Thus, MCL 421.27(i)(2) mandates that benefits not be paid for that period.

We need not consider whether claimant's layoff occurred during "customary" or "traditional" vacation periods; any reference to such periods is a reference to a different subsection of the statute, and is not pertinent here. MCL 421.27(i)(3) provides:

> With respect to any service described in subdivision (1) or (2), benefits shall not be paid to an individual based upon service for any week of unemployment that commences during an established and customary vacation period or holiday recess if the individual performs the service in the period immediately before the vacation period or holiday recess and there is a contract or reasonable assurance that the individual will perform the service in the period immediately following the vacation period or holiday recess.

Unlike MCL 421.27(i)(3), the school denial period provision in MCL 421.27(i)(2) does not necessitate consideration of whether the period of unemployment occurred during an "established and customary" vacation period. Rather, the sole consideration in MCL 421.27(i)(2) is whether the period of unemployment took place during the period between two successive academic years. In construing a statute, a court may not presume that the Legislature inadvertently omitted language in one section that it included in another. *South Haven v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 530; 734 NW2d 533 (2007). And, of course, cases construing the language of MCL 421.27(i)(3) are simply irrelevant to our consideration of MCL 421.27(i)(2). See, e.g., *Billups v Howell Pub Schools*, 167 Mich App 407, 411-412; 423 NW2d 231 (1988).

We reverse and remand to the board of review for the entry of an order holding that claimant is not eligible for unemployment benefits. We do not retain jurisdiction.