MURCO, INC v DEPARTMENT OF TREASURY

Docket No.80233. Submitted April 4, 1985, at Grand Rapids.—Decided August 6, 1985. Leave to appeal applied for.

Murco, Inc., a slaughterhouse and meat packer, commenced construction on January 8, 1981, on an extension to its existing plant in Gun Plain Township, Allegan County. On December 27, 1982, Murco requested that the township establish an industrial facilities exemption district and grant an industrial facilities tax exemption certificate to it pursuant to the plant rehabilitation and industrial development act. On March 3, 1983, Gun Plain Township created an industrial facilities exemption district and approved Murco's application for an industrial facilities exemption certificate. Pursuant to statute, Murco's application for the certificate was forwarded to the State Tax Commission for its approval. The commission denied the application, holding that the filing of the application was not timely. Murco petitioned for review in Allegan Circuit Court. The court, George R. Corsiglia, J., held that the commission had properly denied the application because of the failure to file the application in a timely fashion. Murco appealed. *Held:*

The statute at the time in question clearly provided that the application be filed after the district was created. Accordingly, the earliest date upon which the application could have been treated as having been properly filed was the date on which the township approved the creation of the district, March 3, 1983. Since that date was more than 24 months after the commencement of construction of the facility, the application was not filed within 24 months of commencement of construction as then required under the act.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

A court, in construing the language of a statute, is to ascertain and give effect to the legislative intent; a court must construe

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Statutes §§ 145, 146.
[2] Am Jur 2d, State and Local Taxation §§ 350-361.
See the annotations in the ALR3d/4th Quick Index under the topic Taxes § 4.

the language of the statute according to the common and approved usage of the language (MCL 8.3a; MSA 2.212[1]).

2. TAXATION — INDUSTRIAL DEVELOPMENT DISTRICTS — TAX EXEMPTIONS — LEGISLATIVE INTENT.

The Legislature, by its 1976 amendment to the plant rehabilitation and industrial development district act, clearly evidenced an intent that an application for an industrial facilities tax exemption must be made after the local unit of government has created a plant rehabilitation district or an industrial development district; accordingly, where an owner or lessee of a facility has filed an application for an industrial facilities tax exemption prior to the creation of the plant rehabilitation or industrial development district, the date the district is approved becomes the date of filing of the application for an exemption certificate for the purpose of determining whether the application was filed in a timely fashion (MCL 207.555[1], 207.559[2]; MSA 7.800[5][1], 7.800[9][2].

*Early, Lennon, Peters & Crocker* (by *James E. Beck)*, for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistants Attorney General, for respondent.

Before: MACKENZIE, P.J., and CYNAR and WAHLS, JJ.

PER CURIAM. Petitioner appeals as of right from a trial court order affirming the State Tax Commission's denial of petitioner's application for an industrial facilities tax exemption certificate. We affirm.

Petitioner, Murco, Inc., is engaged in the packing, slaughtering, rendering, and shipping of meat products. On January 8, 1981, petitioner commenced construction of an extension of its existing plant in Gun Plain Township, Allegan County. On December 27, 1982, petitioner requested that the township establish an industrial facilities exemp-

tion district and grant an industrial facilities exemption certificate pursuant to the plant rehabilitation and industrial development act, 1974 PA 198, MCL 207.551 *et seq.;* MSA 7.800(1) *et seq.* This act provides for ad valorem property tax exemptions for facilities meeting certain criteria. In general, such facilities must create, maintain, or prevent loss of employment and must primarily restore, replace, or update the technology of obsolete industrial property. MCL 207.559(2); MSA 7.800(9)(2).

On February 3, 1983, the Gun Plain Township board held a public hearing on petitioner's application. On March 3, 1983, the board held a second public hearing and adopted resolutions creating an industrial facilities exemption district and approving petitioner's application for an industrial facilities exemption certificate. MCL 207.556; MSA 7.800(6).

Pursuant to MCL 270.556, the township clerk then forwarded petitioner's application to the State Tax Commission for approval. However, after considering the application and affording petitioner a hearing, the commission denied the application on November 29, 1983.

The commission found that under § 5(1) of the act, MCL 207.555(1); MSA 7.800(5)(1), an application for an industrial facilities exemption certificate could be filed only after the required district had been established. The commission determined that petitioner's application had not been timely.

Petitioner filed a petition for review of the State Tax Commission's ruling. After considering the parties' briefs and oral arguments, the circuit court held that the State Tax Commission had properly denied the application because petitioner had not complied with the statutory requirements.

On appeal petitioner argues that the trial court

erred in its ruling. Petitioner contends that the purpose of the plant rehabilitation and industrial development act was to create a more favorable business climate for corporations in Michigan. In approving petitioner's application, petitioner states, the Gun Plain Township board specifically found that expansion of petitioner's facility would have a positive effect on employment. Petitioner maintains that the trial court's interpretation of the statute is inconsistent with its purpose and express provisions.

Although we find petitioner's arguments somewhat persuasive, we believe that the trial court had no choice but to uphold the commission's denial of petitioner's application. The statutory provision the commission relied upon, MCL 207.555(1); MSA 7.800(5)(1), states:

"*After the establishment of a district,* the owner or lessee of a facility may file an application for an industrial facilities exemption certificate with the clerk of the local governmental unit that established the plant rehabilitation district or industrial development district. The application shall be filed in the manner and form prescribed by the commission. The application shall contain or be accompanied by a general description of the facility and a general description of the proposed use of the facility, the general nature and extent of the restoration, replacement, or construction to be undertaken, a descriptive list of the equipment which will be a part of the facility, a time schedule for undertaking and completing the restoration, replacement, or construction of the facility, and information relating to the requirements in section 9." (Emphasis added.)

Pursuant to the above provision, the State Tax Commission considered petitioner's application as having been filed on February 3, 1983, the date the

district was established.[1] The commission denied petitioner's application because the time period from January 8, 1981, the beginning of construction, to February 3, 1983, exceeded the 24-month limit of § 9 of the act. That section, MCL 207.559(2)(a); MSA 7.800(9)(2)(a), states:

"(2) Except for applications for a speculative building which shall be governed by subsection (4), the legislative body of the local governmental unit shall not approve an application and the commission shall not grant an industrial facilities exemption certificate unless the applicant complies with all of the following requirements:

"(a) The commencement of the restoration, replacement, or construction of the facility occurred not earlier than 12 months before the filing of the application for the industrial facilities exemption certificate. If the application is not filed within the 12-month period, the application may be filed within the succeeding 12-month period and the industrial facilities exemption certificate shall in this case expire 1 year earlier than it would have expired if the application had been timely filed. This subdivision shall not apply for applications made after December 31, 1983."

Petitioner argues that the rulings of the commission and trial court were at odds with these provisions, which allow an applicant 24 months from the commencement of construction to file an application. If the applicant is required to wait until a district is established, petitioner argues, the applicant's two-year time period will be arbitrarily shortened by whatever time the local governmental unit may take to establish the district and the Legislature could not have intended such a result.

We find petitioner's arguments lacking in merit.

[1] The trial court found that the district had been established on *March* 3, 1983. The discrepancy in dates is not material to the issues raised on appeal.

In construing the language of a statute, the court's responsibility is to ascertain and give effect to the legislative intent. *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959). The court must construe statutory language "according to the common and approved usage of the language". MCL 8.3a; MSA 2.212(1). A resort to dictionary definitions is appropriate to achieve this result. *Fenton Area Public Schools v Sorensen-Gross Construction Co,* 124 Mich App 631, 639; 335 NW2d 221 (1983), · *lv den* 419 Mich 856 (1984).

The critical clause to be interpreted in the present case is the first clause of MCL 207.555(1): "After the establishment of a district* * *". Applying the ordinary meaning of the word "after" requires us to uphold the trial court's ruling. "After" is defined in Webster's New Collegiate Dictionary as "subsequent to in time or order", and in Random House Dictionary of the English Language as "later in time than; in succession to; at the close of". Applying these definitions to the statute, it is clear that an industrial facilities exemption district must be established before a party can apply for an industrial facilities exemption certificate. The remainder of § 5(1) supports this interpretation. In the first sentence the past tense of the word "establish" is used: "After the establishment of a district, the owner or lessee of a facility may file an application for an industrial facilities exemption certificate with the clerk of the local governmental unit that *established* the plant rehabilitation district or industrial development district." This language is consistent with the interpretation that a district must be in place before an application may be filed. The remainder of § 5(1) speaks of construction of a facility which is to take place in the future.

In addition, as noted by the trial court, when the

statute was first enacted in 1974, the first six words of MCL 207.555(1) were not present. By 1976 PA 224 the Legislature added the words, "After the establishment of a district". Then in 1982 the Legislature amended the statute to add sections which specified that after December 31, 1983, a proposed facility had to be located in a district which was established before construction began on the facility and that construction had to begin not earlier than six months before the filing of an application for an exemption certificate. 1982 PA 417; MCL 207.559(2), subds (b) and (c); MSA 7.800(9)(2), subds (b) and (c). Also added in 1982 PA 417 was the directive that "a request for the establishment of a proposed plant rehabilitation district or industrial development district shall be filed only in connection with a * * * facility, the construction, acquisition, alteration, or installation of or for which has not commenced at the time of the filing of the request". MCL 207.554(3); MSA 7.800(4)(3).

We believe that the 1976 and 1982 amendments were designed to clarify the Legislature's original intent that a district had to be established before an application for an exemption certificate could be filed. The Legislature did not intend that an applicant could begin and nearly finish construction on a facitlity and then simultaneously apply to have a district established and a tax exemption granted. This is what petitioner did here. As the trial court found, petitioner could not possibly qualify for an exemption as of the date petitioner attempted to qualify, because the statute requires public notice and a public hearing before a district is established. Since petitioner did not comply with the statutory requirements, the application was properly denied.

The trial court's order upholding the tax commission's ruling is affirmed.