RIEKSE v GRAND RAPIDS PUBLIC SCHOOLS

Docket No. 81310. Submitted June 11, 1985, at Grand Rapids.—Decided August 6, 1985.

Nancy Riekse had been a substitute teacher in the Grand Rapids Public School system for seven years and had received written notification of reasonable assurance that she would be employed the following year and was not, therefore, eligible to receive unemployment benefits for the summer months. She applied for benefits with the Employment Security Commission. Prior to a hearing, Riekse had filled out an employment application, attended a teacher's in-service meeting and actually worked two days for the school district. The hearing officer determined that she was not eligible because her unemployment arose within a denial period and the Employment Security Commission Board of Review affirmed. Riekse appealed and the Kent Circuit Court, Robert A. Benson, J., affirmed. Riekse appealed. *Held:*

A court reviewing findings of fact by the Employment Security Commission is limited to a determination whether the findings are supported by competent, material and substantial evidence on the whole record. The record supports the findings. Affirmed.

UNEMPLOYMENT COMPENSATION — FINDINGS OF FACT — APPEAL.

A court reviewing findings of fact by the Employment Security Commission is limited to a determination whether the findings are supported by competent, material and substantial evidence on the whole record.

*Legal Aid of Western Michigan* (by *Scott T. Trost)*, for appellant.

*Anderson & Swets* (by *David W. Swets)*, for appellee Grand Rapids Public Schools.

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Unemployment Compensation § 91 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic Unemployment Compensation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Morris J. Klau,* Assistant Attorney General, for appellee Employment Security Commission.

Before: GRIBBS, P.J., and CYNAR and P. J. DUG-GAN,* JJ.

PER CURIAM. Appellant was denied unemployment insurance benefits after a hearing before a Michigan Employment Security Commission hearing officer on September 22, 1983. The decision of the hearing officer was affirmed by the Michigan Employment Security Commission Board of Review. Plaintiff sought review in circuit court. The circuit court affirmed the board's decision. Appellant now appeals the circuit court's order to this Court as of right.

Appellant has been a substitute teacher in the Grand Rapids Public School System for the past seven years. During the 1982-1983 academic year she taught 125 days as a substitute teacher. On June 8, 1983, she received a letter from the assistant director of personnel for the school district advising her that "based upon the best financial data available and a comprehensive analysis of projected staffing needs" she could be reasonably assured that she would be offered a substitute teaching position with the school district during the 1983-1984 school year. The letter also informed her that because she was reasonably assured of employment she was not eligible to receive unemployment benefits during the summer vacation or "denial period".

Appellant nonetheless sought unemployment benefits. Her claim was denied by the Michigan Employment Security Commission because plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff's unemployment arose within a denial period and she was reasonably assured of employment during the 1983-1984 school year. The Michigan Employment Security Commission relied on MCL 421.27(i); MSA 17.529(i) in making its decision.

In the period between her initial application for unemployment benefits and the decision by the hearing officer appellant received, completed and returned an application for a position as a substitute teacher. She attended an in-service meeting for teachers on September 6, 1983, and substitute taught on September 19 and 20, 1983.

The hearing officer found that appellant was subject to the denial provisions of the Michigan Employment Security Act and was not qualified for benefits. The hearing officer also found that the appellant had been reasonably assured by the school district that she would be employed in 1983-1984 as required by the Michigan Employment Security Act. The hearing officer's decision was affirmed by the board.

The issue in this case is whether the school district provided plaintiff with a reasonable assurance of employment in the forthcoming academic year so that she was not qualified for unemployment compensation benefits. This was a factual question for the board to determine. Our review is limited to a determination of whether the board's findings are supported by competent, material and substantial evidence. *Smith v Employment Security Comm,* 410 Mich 231, 256; 301 NW2d 285 (1981). The term "reasonable assurance" does not require a formal written or oral agreement to rehire. If a teacher has a reasonable expectation of reemployment during the next academic year, unemployment compensation may be properly denied.

In this case the appellant had substantial and

reasonable assurance that she would be reemployed during the upcoming school year. She had been employed as a substitute teacher by the school district for each of the seven preceding years. The school district had sent a letter expressly stating that she was reasonably assured of employment. Furthermore, at the time of the hearing she had filled out an employment application, attended a teacher's in-service meeting and actually worked two days for the school district. These facts support the board's determination that appellant was reasonably assured of reemployment and therefore not qualified for unemployment compensation benefits.

Affirmed.