BECOTTE v GWINN SCHOOLS

Docket No. 136744. Submitted October 8, 1991, at Houghton. Decided November 12, 1991; approved for publication January 29, 1992, at 9:10 A.M.

Thomas Becotte and other similarly situated bus drivers employed by Gwinn Schools sought review in the Marquette Circuit Court of an order of the Michigan Employment Security Commission Board of Review that held that the claimants were not entitled to unemployment benefits for the period of the summer of 1988 after they had been informed that full funding of busing had been restored for the 1988-89 school year and that they were assured of reemployment in the fall of 1988. The circuit court, Edward A. Quinnell, J., affirmed. The claimants appealed.

The Court of Appeals held:

An order of the MESC Board of Review may be reversed only where it is contrary to law or not supported by competent, material, and substantial evidence. The board's finding that the claimants had reasonable assurance of returning to their employment in the fall was supported by competent, material, and substantial evidence. Accordingly, the board properly gave effect to the denial-period provision of the Employment Security Act by denying benefits for the period of the summer recess after the date the claimants became assured of their reemployment in the fall.

Affirmed.

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Nino E. Green*), for the claimants.

*Butch, Quinn, Rosemurgy, Jardis, Bush, Burkhart & Strom, P.C.* (by *Peter W. Strom*), for Gwinn Schools.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Gunther C. Schwarze,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: GILLIS, P.J., and MICHAEL J. KELLY and
GRIBBS, JJ.

PER CURIAM. The claimants appeal as of right a
trial court order affirming the decision of the
Michigan Employment Security Commission Board
of Review to deny, in part, their claims for unem-
ployment compensation benefits. We affirm.

The claimants are school bus drivers employed
by Gwinn Schools. In April 1988, a school millage
failed to pass. Subsequently, on June 7, 1988,
Gwinn Schools adopted a proposal that cut a sub-
stantial amount of money from the busing budget.
Gwinn Schools then notified the claimants' union
that some bus driver positions would be elimi-
nated.

In June 1988, when the school year ended, the
claimants were not offered summer custodial work,
which they had customarily been offered in the
past. Only claimant Negrinelli had never been
offered summer employment because he did not
commence his position with Gwinn Schools until
February 1988.

In early June 1988, the claimants filed for un-
employment compensation benefits, but the re-
quested benefits were administratively denied un-
der the denial-period provision of the Employment
Security Act, MCL 421.27(i)(2); MSA 17.529(i)(2).

On July 26, 1988, Gwinn Schools amended its
1988-89 budget to restore full funding for busing,
and the claimants were reemployed as bus drivers
by Gwinn Schools during the 1988-89 school year.

The claimants appealed the administrative de-
nial of their request for unemployment benefits.
The MESC hearing referee concluded that MCL
421.27(i)(2); MSA 17.529(i)(2) did not bar the pay-
ment of unemployment benefits to the claimants

and reversed the denial of benefits to all the claimants except Negrinelli.

Thereafter, the MESC Board of Review affirmed in part and reversed in part the hearing referee's decision. The board of review held that the claimants were not subject to the denial provision of MCL 421.27(i)(2); MSA 17.529(i)(2) for the period June 12, 1988, through July 24, 1988, and that they were entitled to unemployment benefits for that period. However, the board of review held that the claimants were subject to the denial provision for the period July 24, 1988, through September 3, 1988. The board of review affirmed the referee's denial of benefits to Negrinelli.

The claimants appealed the decision of the MESC Board of Review to the Marquette Circuit Court. The Marquette Circuit Court affirmed the board of review's decision, holding that after the school board restored full busing to the budget on July 26, 1988, the claimants had reasonable assurance that their regular bus driving jobs would be available to them in the fall of 1988. The claimants now appeal as of right.

The sole issue presented on appeal is whether the claimants had a reasonable assurance that they would be employed by Gwinn Schools in the fall of 1988. If the claimants did receive reasonable assurance that they would be recalled to work in the fall of 1988, they fall within the denial provision of MCL 421.27(i)(2); MSA 17.529(i)(2) and are not entitled to unemployment compensation benefits. *Riekse v Grand Rapids Public Schools,* 144 Mich App 790; 376 NW2d 194 (1985). The claimants argue that they did not receive reasonable assurances that they would be recalled to work as bus drivers in the fall of 1988.

We note that the board of review erred in determining that under § 27(i)(2) the claimants must

prove that there was a tradition of working during summer recess and that they had a collective bargaining agreement designating them as twelve-month employees in order to succeed in their attempt to obtain unemployment compensation benefits. Both parties agree that the real issue involved in this case is whether the claimants had a reasonable assurance of reemployment in the 1988-89 academic year. To the extent the board of review's decision was based on whether the claimants had a reasonable assurance of reemployment, we affirm the board's decision. To the extent that the board of review's decision was based on irrelevant considerations, we indicate that we believe the board reached the right result in this case and we affirm.

Whether the claimants were provided with reasonable assurance of employment in the 1988-89 school year, so that they were not entitled to unemployment compensation benefits, is a factual question for the board to determine. *Riekse, supra* at 792. This Court's review of a decision by the MESC Board of Review is limited. An order or decision of a MESC Board of Review may be reversed only where the Court finds that the order or decision is contrary to law or not supported by competent, material, and substantial evidence. MCL 421.38(1); MSA 17.540(1); *Schultz v Oakland Co,* 187 Mich App 96, 102; 466 NW2d 374 (1991). Substantial evidence is that which a reasonable mind would accept as adequate to support a decision. *Dukesherer Farms, Inc v Director of the Dep't of Agriculture,* 172 Mich App 524, 535; 432 NW2d 721 (1988). Further, substantial evidence is more than a mere scintilla but less than a preponderance of the evidence. *Felton v Dep't of Social Services,* 161 Mich App 690, 695; 411 NW2d 829 (1987).

As this Court indicated in *Riekse,* the term "reasonable assurance" does not "require a formal written or oral agreement to rehire." *Riekse, supra* at 792. Where there is a reasonable expectation of reemployment during the next academic year, unemployment compensation may be properly denied. *Riekse, supra* at 792.

In this case, a review of the record reveals that the claimants had reasonable assurance that they would be reemployed during the upcoming academic year. Tim Yeadon, business manager for Gwinn Schools, testified at the referee hearing that when the employment forms were received for processing, the school system replied that the claimants had reasonable assurance of reemployment. Further, Yeadon stated that a memo was sent to the claimants giving them assurances that they would be employed when the 1988-89 school year began. The receipt of this memo was acknowledged by several of the claimants. In addition, at a July 26, 1988, meeting, the school district decided not to cut its busing budget, offering further assurance to the claimants that they would be reemployed at the beginning of the 1988-89 academic year. The claimants were aware of this meeting and the school district's decision not to cut funds from the busing budget. Clearly, the evidence presented in this case indicates that the claimants had reasonable assurance of reemployment for the 1988-89 school year. The circuit court properly affirmed the decision of the board of review.

We hold that the board's decision was not contrary to law and was supported by competent, material, and substantial evidence.

Affirmed.