TRUMBLE'S RENT-L-CENTER, INC v EMPLOYMENT SECURITY
COMMISSION

Docket No. 135412. Submitted October 7, 1992, at Grand Rapids.
Decided December 7, 1992, at 9:35 A.M.

Trumble's Rent-L-Center, Inc., sought review in the Osceola
·Circuit Court of a decision by the Board of Review of the
Michigan Employment Security Commission that Trumble's
Rent-L-Center's tardy filing of a quarterly payroll report re-
quired for determination of its rate of contribution to the
employment security fund did not constitute a request for an
extension of the time within which a redetermination of the
rate could be sought pursuant to MCL 421.21(a); MSA 17.522(a).
The court, Lawrence C. Root, J., affirmed. Trumble's Rent-L-
Center appealed.·

The Court of Appeals *held:*

Section 21(a) provides that "on request an employer shall be
given an extension of 30 days' additional time in which to
apply for the review and redetermination" of the rate of
contribution determined for the employer by the Michigan
Employment Security Commission. The statute clearly requires
that a request must be made before an extension can be
granted. In this case, no such request was made, and the tardy
filing of the required report cannot be construed as such a
request.

Affirmed.

UNEMPLOYMENT COMPENSATION — EMPLOYER'S CONTRIBUTION RATE —
REVIEW AND REDETERMINATION.

·The thirty-day period within which an employer may seek review
and redetermination by the Michigan Employment Security
Commission of the employer's rate of contribution to the em-
ployment security fund may be extended for an additional
thirty days upon the request of the employer; an employer's
tardy filing with the commission of a required quarterly payroll
report does not constitute a request for an extension (MCL
421.21[a]; MSA 17.522[a]).

REFERENCES

Am Jur 2d, Unemployment Compensation § 25.
See the ALR Index under Unemployment Compensation.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *John H. Gretzinger* and *Pamela J. Kruse*), for the appellant.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Donna K. Welch,* Assistant Attorney General, for the appellee.

Before: GRIFFIN, P.J., and NEFF and CORRIGAN, JJ.

CORRIGAN, J. In this dispute over its contribution rate under the Employment Security Act, MCL 421.1 *et seq.*; MSA 17.501 *et seq.*, Trumble's Rent-L-Center, Inc., appeals as of right from a circuit court decision affirming a decision of the Michigan Employment Security Commission Board of Review that reversed a referee's decision for Trumble's. We affirm.

Appellant, an employer liable for contributions to the unemployment security fund, failed to file a payroll report for the quarter that ended on September 30, 1985. Appellant was apparently unaware of the omission until the MESC, on March 23, 1987, sent a "Notice of Determination of Contribution Rate for the Calendar Year 1987." Because of the missing report, appellant's contribution rate was assessed at ten percent, the maximum rate under MCL 421.18(d); MSA 17.519(d). The March 23 notice stated: "Receipt of such [missing] report[] within thirty calendar days from the date of mailing of this rate notice will result in recomputation of your contribution rate for 1987."

The notice also stated:

The MESC is required by section 21(a) of the Michigan Employment Security Act (MCL 421.21(a) [MSA 17.522(a)]) to provide employers with rate determinations. *This determination shall*

*become final unless a written request for a review and redetermination is received by the commission within 30 calendar days after the mailing date of this determination.* While there is no requirement to respond to this determination, failure to appeal before the determination becomes final will foreclose your right to do so. Your appeal rights are contained in sections 21(a) and 32a of the Act. *Upon written request an additional 30 calendar days will be given in which to apply for a redetermination.* [Emphasis added.]

Appellant responded by sending the missing report to the MESC. It was received on May 5, 1987, more than thirty days after the March 23 mailing date of the notice. On February 11, 1988, the MESC informed appellant that its 1987 rate "cannot be changed, *unless proof of timely submission [of the missing quarterly report] can be established by a copy of the 1020 and front and reverse side of corresponding cancelled check*" (emphasis added). The MESC denied the redetermination.

On February 29, 1988, appellant's attorney responded to the MESC's letter by writing: "Enclosed for your review is that information [the form 1020 and cancelled check]. If you will note that while *these materials appears [sic] not to have been received by your office within the 30-day normal appeal period,* they were well within the extended 30-day appeal period available upon request" (emphasis added).

Appellant appealed the February 11, 1988, denial of rate redetermination to a referee. Appellant essentially argued that the mere filing of the overdue report constituted a "request" for review, which, under MCL 421.21(a); MSA 17.522(a), gave it an additional thirty days to appeal the MESC's decision. The referee, relying on the statute, reversed the MESC's decision:

When [appellant] submitted its report and check to the Commission (received by the Commission May 5, 1987), it was applying for and requesting the additional time provided for in [MCL 421.21; MSA 17.522], the Commission was obliged to grant the added time, and the Commission was also obliged to issue a redetermination based on the new, additional information that the employer had provided.

The MESC Board of Review reversed in a split decision:

When [MCL 421.18(d)(2); MSA 17.519(d)(2)] and [MCL 421.21(a); MSA 17.522(a)] are compared together, it is obvious that the legislature intended that a review and redetermination of the rate would be automatic only when the reports were filed or a request for redetermination was made, within 30 days of the determination. However, the additional 30 days to apply for a redetermination provided for in Section 21(a) would only occur when the employer filed a specific written request for such an extension. The filing of the reports of themselves is insufficient to constitute such a request. Otherwise, the legislature would not have used the word "request" in Section 21(a) of the Act, and it would have indicated that filing of the reports within the additional 30 days was sufficient.

The Osceola Circuit Court affirmed the Board of Review's construction:

[T]he statute in section 21(a) does require there to be a request. I do not believe that the Legislature anticipated that the mere tardy filing of the report, without more, orally or in writing, is sufficient to constitute a request.

* * *

[T]he language used does not require that the request be in writing. But, nonetheless, there must be a request. . . . This record does not reflect that a request was made in any way. . . . [T]he mere

submission of reports in a tardy fashion does not constitute a request under Section 21(a).

This Court's review of a decision by the MESC Board of Review is limited. *Becotte v Gwinn Schools,* 192 Mich App 682, 685; 481 NW2d 728 (1992). Such a decision may be reversed only where the Court finds that it is contrary to law or not supported by competent, material, and substantial evidence. *Id.,* citing MCL 421.38(1); MSA 17.540(1). Substantial evidence is that which a reasonable mind would accept as adequate to support a decision. *Id.* Substantial evidence is more than a mere scintilla but less than a preponderance of the evidence. *Id.* See also, e.g., *Tomei v General Motors Corp,* 194 Mich App 180, 183-184; 486 NW2d 100 (1992).

Appellant attempts to save its late filing by asserting that the filing itself constituted a request for an extension under MCL 421.21(a); MSA 17.522(a). We disagree.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Dep't of Transportation v Thrasher,* 196 Mich App 320; 493 NW2d 457 (1992). The first criterion in determining intent is the specific language of the statute. *Id.* The Legislature is presumed to have intended the meaning it plainly expressed. *In re Lee Estate,* 193 Mich App 586, 589; 484 NW2d 411 (1992). When ascertaining legislative intent, the language of the statute should be given a reasonable construction, considering the statute's purpose and the object sought to be accomplished. *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 276; 486 NW2d 367 (1992).

Unless defined in the statute, every word or phrase should be accorded its plain and ordinary

meaning. *Id.* All words and phrases shall be construed and understood according to the common and approved usage of the language. MCL 8.3a; MSA 2.212(1); *State ex rel Wayne Co Prosecuting Attorney v Levenburg,* 406 Mich 455; 280 NW2d 810 (1979). See also *Murco, Inc v Dep't of Treasury,* 144 Mich App 777, 782; 376 NW2d 188 (1985), and *Fenton Area Public Schools v Sorenson-Gross Construction Co,* 124 Mich App 631, 639; 335 NW2d 221 (1983) (resort to dictionary definitions is appropriate to construe "according to the common and approved usage of the language").

A request is "the act of asking for something as an object, a favor, or some action desired; an expression of a desire or wish." *Webster's Third New International Dictionary, Unabridged Edition* (1965). "On request" is "the condition or fact of being requested." *Id.* Clearly, some action on the part of the requester is required. Appellant presented virtually no evidence that any request for a thirty-day extension was made. An employee of appellant said only that he "had understood" that the company's bookkeeper "had made contact" with defendant "to determine the appropriate method for responding" to the March 23, 1987, letter. Clearly, then, no competent, material, and substantial evidence on the record contradicted the finding that no request was made.

The MESC has interpreted the statutory term "on request" to require a written request. Interpretations of a statute by the agency responsible for its administration are accorded deference by the courts. *Shellum v MESC,* 194 Mich App 474, 478; 487 NW2d 490 (1992). The construction given to a statute by the agency legislatively chosen to enforce it ought not to be overruled without cogent reason. *Consumers Power Co v Public Service*

*Comm,* 196 Mich App 436; — NW2d — (1992). We need not reach the question whether a nonwritten request is a "request" for purposes of MCL 421.21(a); MSA 17.522(a) because appellant did not present sufficient evidence that a request for an extension was made. The burden is not on the agency to discern the intent of those who correspond with it.

Affirmed.