SECURITY BANK NORTHEAST v DEPARTMENT OF TREASURY

Docket No. 131544. Submitted June 1, 1992, at Lansing. Decided February 16, 1993, at 9:25 A.M. Leave to appeal sought.

Security Bank Northeast, and several other banks, brought an action in the Court of Claims against the Department of Treasury, seeking a declaration that § 3(b) of the intangibles tax act, MCL 205.133(b); MSA 7.556(3)(b), entitled them to exemptions from intangibles taxes. The court, Carolyn Stell, J., ruled that the plaintiffs were not entitled to the exemptions. The plaintiffs appealed.

The Court of Appeals *held:*

1. The exemptions set forth in § 3(b) do not apply to banks.

2. The exemptions in § 3(b) may not be applied to the tax liability imposed upon banks under § 2(b), MCL 205.132(b); MSA 7.556(2)(b), without creating surplusage. A statutory construction that would create surplusage is to be avoided if at all possible.

3. The plaintiffs have presented no cogent reason to overrule the defendant's consistent interpretation that the act disallows banks and other financial institutions from claiming exemptions listed under § 3(b)

Affirmed.

TAXATION — INTANGIBLES TAX ACT — EXEMPTIONS — BANKS AND BANKING.

The exemptions from taxation listed in § 3(b) of the intangibles tax act detail the exemptions to tax liability imposed in § 2(a) of the act; the exemptions set forth in § 3(b) do not apply to banks; the exemptions applicable to banks are specified in § 2(b) of the act (MCL 205.132[a],[b], 205.133[b]; MSA 7.556[2][a],[b], 7.556[3][b]).

*William R. Connolly,* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur 2d, Banks § 14; State and Local Taxation § 241.
See ALR Index under Banks and Banking; Taxes.

*Casey,* Solicitor General, and *Richard R. Roesch* and *Russell E. Prins,* Assistant Attorneys General, for the defendant.

Before: WEAVER, P.J., and WAHLS and TAYLOR, JJ.

TAYLOR, J. Plaintiff banks appeal as of right the Court of Claims ruling that certain exemptions from the intangibles tax act (ITA), MCL 205.131 *et seq.;* MSA 7.556(1) *et seq.,* may not be used by plaintiffs to reduce their tax base. We affirm.

Plaintiffs, all banks incorporated and doing business in Michigan, originally filed intangibles tax returns under § 2(b) of the act.[1] That subsection allows plaintiffs to compute tax liability on the basis of total deposit liability less governmental deposits, deposits of commercial banks, and items of their own issue. Later, plaintiffs filed amended returns claiming refunds for the years 1985 to 1988 on the basis that they were entitled to an exemption under § 3(b)(8),[2] deducting the amount of individual retirement accounts on deposit from their total deposit liability, thereby reducing their intangibles tax base. One plaintiff, Bank of Commerce, also claimed additional exemptions under § 3(b)(6), (9), and (12a), excluding from its tax base the deposits of religious and nonprofit organizations, insurance companies, and credit unions, respectively.

On January 17, 1990, the Commissioner of Revenue rejected plaintiffs' claims for refunds. Plaintiffs' motion for declaratory judgment was heard in the Court of Claims, which ruled that plaintiffs could deduct from their total deposit liability only federal and state governmental deposits, deposits

[1] MCL 205.132(b); MSA 7.556(2)(b).
[2] MCL 205.133(b)(8); MSA 7.556(3)(b)(8).

of other banking institutions, and their own items of issue, but were not entitled to take advantage of the exemptions in § 3(b).

The only issue before us is whether the exemptions set forth in § 3(b) apply to banks. For the following reasons, we hold that they do not, and affirm the decision of the Court of Claims.

The preamble to the ITA states as its purpose the "imposition and the collection of a specific tax upon the privilege of ownership of intangible personal property and on certain enterprises having possession of intangible personal property of another . . . ."

Section 2(a) levies intangibles taxes upon

> each resident or nonresident owner of intangible personal property not hereinafter exempted having a situs within this state . . . on the privilege of ownership of each item of intangible personal property owned by him. [MCL 205.132(a); MSA 7.556(2)(a). Emphasis added.]

Section 2(b) levies intangibles taxes upon

> each bank doing business in this state . . . on the moneys on deposit in the bank . . . less the amount of deposit liabilities or share liabilities owing to the federal government [agency or instrumentality] . . . to this state [agency, instrumentality or subdivision] . . . or to any other bank . . . and the bank[']s own items of issue. [MCL 205.132(b); MSA 7.556(2)(b). Emphasis added.]

We note that § 2(a) exemptions are made by reference, but that § 2(b) exemptions are made by specification.

Section 3, MCL 205.133; MSA 7.556(3), deals with deductions and exemptions. Section 3(a) provides for a deduction that is specifically inapplica-

ble to banks. Section 3(b), the subsection in dispute in this case, lists several exemptions from the intangibles tax. Unlike § 3(a), it does not differentiate between owners of intangible personal property and banking institutions with intangible personal property of others on deposit.

Plaintiffs argue that the laundry list of exemptions set forth under § 3(b) should be tacked onto the specific exemptions for banks contained in § 2(b). However, §§ 2(b) and 3(b) are clearly aimed at different types of taxpayers. The express language of § 2(a) puts the reader on notice that some personal property may be "hereinafter exempted" from the tax base, but that cannot be said of § 2(b), which is self-contained and makes no reference to other parts of the act. The § 3(b) list thus details exemptions to tax liability imposed in § 2(a).

Further, § 3(b) exemptions may not be applied to tax liability imposed upon banks under § 2(b) without creating surplusage. A statutory construction creating surplusage is to be avoided if at all possible. *Altman v Meridian Twp,* 439 Mich 623, 634; 487 NW2d 155 (1992). Section 2(b) specifically provides an exemption for moneys on deposit in the banking institution that are owed to "any other bank or building and loan or savings and loan association." This exemption is duplicated in § 3(b)(11), which exempts "[i]ntangible personal property belonging to banks, national banking associations, [and] savings and loan associations. . . . " If § 3(b) exemptions apply to taxes imposed on banks under § 2(b), then either § 3(b)(11) or part of § 2(b) would be surplusage. Because the construction creating surplusage can be avoided, it is necessary to do so.

Moreover, both before and after the Legislature amended the ITA in 1975,[3] defendant has consis-

[3] See 1975 PA 229.

tently interpreted the ITA so as to disallow banks and other financial institutions from claiming exemptions listed under § 3(b). We give great weight to this consistent administrative interpretation of the ITA by the agency responsible for its administration, and decline to overrule it where we have no cogent reason to do so. *Trumble's Rent-L-Center, Inc v Employment Security Comm,* 197 Mich App 229; 495 NW2d 180 (1992).

Affirmed.