RINGEWOLD v BOS

Docket No. 144783. Submitted April 2, 1993, at Grand Rapids. Decided June 8, 1993, at 9:05 A.M. Leave to appeal sought.

Susan Ringewold and others brought an action in the Ottawa Circuit Court against Marla L. Bos, seeking damages for injuries sustained by Susan Ringewold when her automobile was struck by another automobile that then fled the scene. The defendant's former husband allegedly purchased the vehicle that hit Ringewold fifteen days before the accident. The vehicle was purchased in the defendant's name, and she switched license plates to that vehicle from a previously owned vehicle. She insured the vehicle, but failed to register it with the Secretary of State's office. The defendant admitted ownership of the vehicle in interrogatories and depositions. The court, Wesley J. Nykamp, J., found that the defendant owned the vehicle and granted partial summary disposition for the plaintiffs. The defendant appealed.

The Court of Appeals *held*:

1. The defendant was the owner of the vehicle for purposes of the owner's liability section of the Vehicle Code, MCL 257.37, 257.401; MSA 9.1837, 9.2101.

2. The word "owner" in the Vehicle Code is not meant to restrict liability to a person or entity whose title is good against all others. A person need not hold legal title to an automobile in order to be an owner of it under the code.

3. The defendant did not present sufficient documentation to create a genuine issue of material fact regarding ownership of the vehicle. Although she may have created a genuine issue of material fact under MCL 257.37(b); MSA 9.1837(b), there is no question of fact under MCL 257.37(a); MSA 9.1837(a) regarding her exclusive use or control of the vehicle for a thirty-day period or her status as an owner under the code.

4. The Legislature did not intend to restrict the definition of owner under MCL 257.37; MSA 9.1837 to those who have actually exercised exclusive control over a vehicle for a thirty-

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic § 673.
See ALR Index under Automobiles and Highway Traffic.

day period. Rather, the statute imposes liability on any person who has a right to exclusive use for a period exceeding thirty days, regardless of whether the person has, in fact, controlled the vehicle for that period. The provision is intended to preclude a finding of ownership where a person's right to exclusive use of the vehicle will not exceed thirty days, but not in cases where ownership has been transferred permanently.

Affirmed.

1. AUTOMOBILES — VEHICLE CODE — WORDS AND PHRASES — "OWNER."

The word "owner" for purposes of the owner's liability section of the Vehicle Code is not meant to restrict liability to a person or entity whose title is good against all others; there may be several owners under the code, and a person need not hold legal title to an automobile in order to be an owner (MCL 257.37, 257.401; MSA 9.1837, 9.2101).

2. AUTOMOBILES — VEHICLE CODE — WORDS AND PHRASES — "OWNER."

A person who has exclusive use of an automobile for a period of more than thirty days is an owner of the automobile for purposes of the owner's liability section of the Vehicle Code; the code imposes liability on any person who has a right to exclusive use for a period exceeding thirty days, regardless of whether that person, in fact, has controlled the vehicle for that period (MCL 257.37[a]; MSA 9.1837[a]).

*Swaney, Thomas & Moritz, P.C.* (by *John M. Thomas*), for the plaintiffs.

*Geissler & Dean, P.C.* (by *Raymond J. O'Dea*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

PER CURIAM. Defendant appeals from an August 21, 1991, order granting partial summary disposi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion to plaintiff.[1] Defendant contends that the trial court erroneously granted summary disposition on the basis that she was the "owner" of an automobile for purposes of the owner's liability section of the Vehicle Code, MCL 257.401; MSA 9.2101. We disagree with defendant's argument and affirm the order granting partial summary disposition in plaintiff's favor.

Plaintiff was injured in an automobile accident in Ottawa County on November 11, 1987. In her complaint, plaintiff alleged that her automobile was struck by a yellow 1973 Volkswagen, which then fled the scene. In her amended complaint, plaintiff averred that defendant's former husband purchased a Volkswagen for defendant's daughter that was identical to the Volkswagen that hit her on the day of the accident. Plaintiff further averred that defendant switched the license plates from a previously owned vehicle to the one that hit her on the day of the accident. The Volkswagen was apparently purchased in defendant's name, although she failed to register the vehicle with the Secretary of State's office. Plaintiff sought liability against defendant under the owner's liability section, MCL 257.401; MSA 9.2101, of the Vehicle Code. See MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*

Defendant denied liability on the ground that she was not the "owner" of the automobile for purposes of the owner's liability statute. See MCL 257.37; MSA 9.1837. Apparently, defendant received the vehicle from her former husband fifteen days before the accident occurred. He had purchased the automobile from a person at a repair

---

[1] Plaintiff Susan Ringewold was the only person injured in the accident and the remaining party plaintiffs' claims are derivative. Throughout the text of this opinion, we will use "plaintiff" to refer to Susan Ringewold.

shop for $250. The chain of title became confused because the parties to the sale never made arrangements to record the transfer in accordance with the law. Thus, defendant claimed that she was not the "owner" of the Volkswagen because she did not have possession of it for more than thirty days before the accident and did not hold "legal" title to the vehicle as that term is commonly understood.

Plaintiff moved for summary disposition with regard to the question of ownership, arguing that defendant admitted in depositions that she was the owner of the motor vehicle and that the vehicle was insured under defendant's automobile insurance policy. Plaintiff further contended that the intent of the owner's liability statute is to place liability upon the person or entity that has ultimate control of the vehicle and that the question of "legal" title was not dispositive. Defendant admitted that she confessed ownership of the vehicle in interrogatories and in depositions. However, she claimed that she admitted ownership before plaintiff's complaint was amended to assert a claim under the owner's liability statute. Following further discovery, the court concluded that there was no genuine issue of material fact that defendant did own the Volkswagen and granted plaintiff's motion for summary disposition with regard to that issue. It is from this order that defendant appeals.

The purpose of the owner's liability statute is, as plaintiff suggests, to place the risk of damage or injury upon the person who has ultimate control of a vehicle. *Mull v Equitable Life Assurance Society of the United States,* 196 Mich App 411, 417; 493 NW2d 447 (1992) (citing *Roberts v Posey,* 386 Mich 656, 662; 194 NW2d 310 [1972]). It is in this context that we evaluate the question of own-

ership as it relates to claims asserted under the statute. Where a statute supplies its own glossary, we must apply the meaning of the term as expressly defined. *Id.* Inasmuch as the owner's liability statute is part of the Vehicle Code, we must look to the glossary of that code to determine whether defendant was the "owner." *Id.*

Pursuant to the terms of the Vehicle Code, a person is considered an "owner" if that person fits within any of the following descriptions:

> (a) Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days.
> (b) Except as otherwise provided in section 401a, a person who holds the legal title of a vehicle.
> (c) A person who has the immediate right of possession of a vehicle under an installment sale contract. [MCL 257.37; MSA 9.1837.]

This Court has stated that the word "owner" is not meant to restrict liability to a person or entity whose title is good against all others, and under the code there may be several owners. *Messer v Averill,* 28 Mich App 62, 65, n 2; 183 NW2d 802 (1970). Moreover, this Court has specifically held that a person need not hold legal title to an automobile in order to be an "owner" of it under the code. *John v John,* 47 Mich App 413, 416; 209 NW2d 536 (1973).

A motion for summary disposition pursuant to MCR 2.116(C)(10) is designed to test the factual support for a given claim. *Meretta v Peach,* 195 Mich App 695; 491 NW2d 278 (1992). Once the moving party supports its position with documentary evidence to support the motion, it becomes the nonmoving party's burden to show that there exists a genuine issue of material fact. *Parpart v*

*Detroit,* 194 Mich App 561, 563; 487 NW2d 506 (1992). The responding party must set forth specific facts that show there is a genuine issue in dispute, and must do so through documentary evidence, rather than through mere allegations in the pleadings. *Id.; McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 114-115; 469 NW2d 284 (1991). If there is a possibility that a record might be developed that leaves open an issue of material fact upon which reasonable minds might differ, then the motion should be denied. *Winklepleck v Michigan Veterans' Facility,* 195 Mich App 523, 533; 491 NW2d 251 (1992).

In this case, the trial court did not err in granting partial summary disposition in favor of plaintiff with regard to defendant's ownership of the automobile. Notwithstanding the possible defects in the transfer of title that might preclude a finding of ownership under MCL 257.37(b); MSA 9.1837(b), we are persuaded that defendant was still an owner within the meaning of the statute. Under MCL 257.37(a); MSA 9.1837(a), a person will be considered an "owner" of an automobile within the terms of the statute if that person has "exclusive use thereof . . . for a period that is greater than 30 days." In this case, we do not believe that defendant presented sufficient documentation to create a genuine issue of material fact regarding ownership under this section.

In depositions, defendant admitted that she was the owner of the vehicle. Moreover, defendant and her former husband admitted that the vehicle was purchased for their daughter's use and was purchased in defendant's name. Defendant insured the vehicle under her automobile insurance policy and switched the license plates from a previously owned car to the Volkswagen. Although it is true that defendant may have created a genuine issue

of material fact under MCL 257.37(b); MSA 9.1837(b), there is no question of fact regarding defendant's exclusive use or control of the vehicle for a thirty-day period under MCL 257.37(a); MSA 9.1837(a). Inasmuch as defendant transferred license plates, insured the vehicle, and admitted that it was purchased in her name for her daughter's use, no question of fact exists regarding her status as an "owner" under the Vehicle Code.

We disagree with defendant's contention that a person must have actually used the vehicle for a thirty-day period before a finding of ownership may be made under this section. The primary goal of statutory construction is to ascertain and give effect to the Legislature's intent. *Trumble's Rent-L-Center, Inc v Employment Security Comm,* 197 Mich App 229, 233; 495 NW2d 180 (1992). We first look to the language of the statute with the presumption that the Legislature intended the meaning plainly expressed. *Id.* The language of the statute should be interpreted keeping in mind the statute's purpose and the objective sought to be accomplished. *Id.* Our Supreme Court has given the "exclusive use" language of this section a broad interpretation. See *Security Ins Co of Hartford v Daniels,* 70 Mich App 100, 107; 245 NW2d 418 (1976) (relying on *Ketola v Frost,* 375 Mich 266, 278-279; 134 NW2d 183 [1965]).

With these rules of statutory construction in mind, we conclude that the Legislature did not intend to restrict the definition of "owner" under this section to those who have actually exercised exclusive control over a vehicle for a thirty-day period. Rather, in view of the Legislature's intention to place liability on the person who is ultimately in control of the vehicle under the owner's liability section, we believe that the statute imposes liability on any person who has a "right to

exclusive use" for a period exceeding thirty days, regardless of whether that person has, in fact, controlled the vehicle for that period. See *Daniels, supra* at 106-107 (concluding that this section of the statute implies a "right-to-use" construction). To conclude otherwise would be to give owners incentive to delay formalization of title and deny ownership in an effort to avoid liability under the statute. We agree with the trial court's statement that the provision is intended to preclude a finding of ownership where a person's right to exclusive use of the vehicle will not exceed thirty days, but not in cases where ownership has been transferred permanently.

Affirmed.