*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZANE LEE BATTON,

        Plaintiff-Appellant,

v

AUTO OWNERS INSURANCE,

        Defendant,

and

SCOTT DAVID ROMESBURG and ROMESBURG
INTERNATIONAL, LLC,

        Defendants-Appellees.

UNPUBLISHED
August 3, 2023

No. 363258
St. Clair Circuit Court
LC No. 21-000557-NI

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J. (*concurring*).

I concur with the conclusion that the trial court erred in granting defendant Scott Romesburg's motion for summary disposition, as there are disputed material facts on whether plaintiff was more than 50% at fault for the accident and is therefore ineligible to recover for the injuries sustained. MCL 500.3135(2)(b). I write separately to emphasize that counsel should be more careful in the law cited in briefs.

Specifically, in his brief on appeal plaintiff relies in part on an outdated and overruled summary disposition (actually summary judgment under the 1963 court rules) standard, arguing that under MCR 2.116(C)(10), the trial court must deny a motion if "a record might be developed that will leave open an issue upon which reasonable minds could differ," citing *Ringewold v Bos*, 200 Mich App 131; 503 NW2d 716 (1993). Yet it has been almost 15 years since the Supreme Court (1) explicitly recognized that that standard was inapplicable under the Michigan Court Rules established in 1985, and (2) reversed the cases citing to that standard. Indeed, in *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999), the Supreme Court was very specific in holding that the old standard, requiring denial of a motion if a record "might be developed" that could create a question of material fact, was no longer viable:

We take this occasion to note that a number of recent decisions from this Court and the Court of Appeals have, in reviewing motions for summary disposition brought under MCR 2.116(C)(10), erroneously applied standards derived from *Rizzo v Kretschmer*, 389 Mich 363; 207 NW2d 316 (1973). These decisions have variously stated that a court must determine whether a record 'might be developed' that will leave open an issue upon which reasonable minds may differ, see, e.g., *Farm Bureau Mutual Ins Co of Michigan v Stark*, 437 Mich 175, 184; 468 NW2d 498 (1991); *First Security Savings Bank v Aitken*, 226 Mich App 291, 304; 573 NW2d 307 (1997); *Osman v Summer Green Lawn Care, Inc*, 209 Mich App 703, 706; 532 NW2d 186 (1995), and that summary disposition under MCR 2.116(C)(10) is appropriate only when the court is satisfied that 'it is impossible for the nonmoving party to support his claim at trial because of a deficiency that cannot be overcome.' *Paul v Lee*, 455 Mich 204, 210; 568 NW2d 510 (1997); *Horton v Verhelle*, 231 Mich App 667, 672; 588 NW2d 144 (1998).

These *Rizzo*-based standards are reflective of the summary judgment standard under the former General Court Rules of 1963, not MCR 2.116(C)(10). See *McCart* [*v J Walter Thompson USA, Inc*, 437 Mich 109, 115 n 4; 469 NW2d 284 (1991)]. Under MCR 2.116, it is no longer sufficient for plaintiffs to promise to offer factual support for their claims at trial. As stated, a party faced with a motion for summary disposition brought under MCR 2.116(C)(10) is, in responding to the motion, required to present evidentiary proofs creating a genuine issue of material fact for trial. Otherwise, summary disposition is properly granted. MCR 2.116(G)(4).

Consequently, those prior decisions of this Court and the Court of Appeals that approve of *Rizzo*-based standards for reviewing motions for summary disposition brought under MCR 2.116(C)(10) are overruled to the extent that they do so.

We recognized this point a decade ago in *Grand Trunk Western R, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004), yet still today we receive briefs that improperly cite these obviously inapplicable standards. Counsel should be more careful to cite to controlling law.

/s/ Christopher M. Murray