**Matthew FISHER, Plaintiff–Appellant,**

v.

**Jeanne ROBERTS, Defendant–Appellee.**

No. 96–2067.

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 7, 1997.

Decided Sept. 18, 1997.

John B. Fisher (briefed), Mollenkamp & Fisher, Toledo, OH, William J. King, Jr., Detroit, MI, for Plaintiff–Appellant.

Daniel P. King (briefed), Pedersen, Keenan, King, Wachsberg & Adrzejak, Farmington Hills, MI, for Defendant–Appellee.

Before: LIVELY, KENNEDY, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge.

## OPINION

Plaintiff appeals the District Court's order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 59 or 60(b) and for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

## I. Facts

This case arises out of a snowmobile accident that occurred near midnight on the night of February 13, 1994. Plaintiff, Matthew Fisher, was visiting a friend at the friend's family's cottage on Posey Lake in Lenawee County, Michigan. Around 11:30 p.m., plaintiff borrowed a snowmobile from his host and went for a ride on the frozen lake. On his ride, plaintiff collided with defendant's dock at a point approximately twelve to fifteen feet from the shore. The wooden dock was not marked with reflectors, reflective tape, bright paint, lights or any other device that might have increased its visibility at night. The dock has been there since 1966 when defendant purchased the residence.

On February 15, 1995, plaintiff filed a complaint in the United States District Court for the Eastern District of Michigan naming Jeanne Roberts and her now deceased husband, John Roberts, as defendants.[1] Jurisdiction is based on the diversity of citizenship between plaintiff, a citizen of Ohio, and defendant, a resident of Michigan, as well as plaintiff's plea for over $50,000 in damages. Plaintiff's complaint, in part, alleges:

3. That at the above described place and date the Plaintiff was lawfully operating a snowmobile on Posey Lake when he struck a seasonal dock structure owned

---

1. On February 2, 1996, plaintiff voluntarily dismissed his claims against John Roberts.

and negligently maintained by the Defendants behind their home at 844 Figy Point Road, which was protruding from the shore into the lake.

4. That the seasonal dock structure the Plaintiff struck was present in contravention of M.C.L.A. § 281.953, being the Inland Lakes and Streams Act of 1972.

5. That a proximate cause of the Plaintiff's injuries was the illegal an negligently maintained seasonal structure maintained by the Defendants.

After a period of discovery, defendant filed a motion seeking either dismissal pursuant to Fed.R.Civ.P. 12(b)(6) or summary judgment pursuant to Fed.R.Civ.P. 56(c). The defendant argued, and the district court agreed, that plaintiff's complaint asserted only a claim of negligence per se based upon an alleged violation of Michigan's Inland Lakes and Streams Act of 1972, M.C.L.A. § 281.953.[2] That Act, among other things, prohibits owners of riparian lands from erecting permanent docks without a permit. Under the Act, however, landowners do not need a permit to erect seasonal docks, which are removed at the end of the boating season.

Because the parties presented the court with matters outside the pleadings, it treated defendant's motion as one for summary judgment. The District Court first concluded that even if defendant had violated the Inland Lakes and Streams Act, which was not clear,[3] such a violation was legally insufficient to establish liability on a theory of negligence per se, finding no evidence that the failure of defendant to obtain a permit for the permanent dock was a proximate cause of the injuries to plaintiff. Plaintiff does not appeal this issue.

The District Court then determined that plaintiff's complaint failed to include a more generalized negligence claim. It reasoned as follows:

While the Complaint clearly asserts a claim of negligence per se based on the alleged violation of the Inland Lakes and Streams Act, plaintiff has not alleged that defendant owed plaintiff a duty, that defendant breached that duty, or that the breach of the duty was a proximate cause of injury to the plaintiff. A fair reading of the Complaint in this case would limit the negligence claim asserted to the one based on a violation of the statute. Because plaintiff did not allege a "broader" negligence claim in the Complaint, defendant is entitled to entry of judgment as a matter of law.

Joint Appendix at 72. Although the District Court's conclusion that plaintiff had not established a general negligence complaint appears to rest entirely on the sufficiency of the pleadings, the court also noted that plaintiff failed to disclose its theory of general negligence in its answer to one of plaintiff's interrogatories. Defendant asked plaintiff for the factual basis for his claim that "the proximate cause of plaintiff's injuries was the illegal and negligently maintained seasonal structure." Joint Appendix at 71–72. Plaintiff answered that the factual basis for its allegation was merely that the "Dock was present in violation of M.C.L.A. 281.953." Joint Appendix at 35.

Plaintiff then filed a motion for relief from judgment under Fed.R.Civ.P. 59 or 60(b), and for leave to file an amended complaint. The District Court denied plaintiff's request for relief from judgment, reiterating its conclusion that plaintiff's complaint established a claim of negligence based on an alleged statutory violation, but "failed to articulate a recognized legal duty owed to plaintiff as the guest of another property owner on the lake, an essential requirement for a general negligence claim." Joint Appendix at 12. The District Court denied plaintiff's motion for leave to amend because it found that plaintiff's "Second Proposed Amended Complaint still fails to allege that defendant owed plain-

---

**2.** The 1972 Act has since been repealed. Substantially similar statutory provisions governing inland lakes and streams are now codified at M.C.L.A. §§ 324.30101–324.30113 (West 1997 Supp.).

**3.** The court noted that plaintiff's dock might have been expressly excluded from the permit requirement under M.C.L.A. § 281.954(1)(A), which provides that permits are not required for structures existing before April 1, 1966.

tiff a duty, that defendant breached that duty, or that the breach was a proximate cause of injury to plaintiff." *Id.* Plaintiff filed this timely appeal to the denial of his post-judgment motions.

## II. Discussion

### A. Issues Preserved for Appeal and Standard of Review

As an initial matter we determine the scope of issues presented upon appeal and the appropriate standard of review for those issues. Although plaintiff's notice of appeal states only that he "appeals ... the Order Denying Plaintiff's Motion For Relief From Judgment And For Leave to File An Amended Complaint," Joint Appendix at 13, his brief argues that the District Court's grant of summary judgment was in error. Because plaintiff appealed only the denial of his post-judgment motions, defendant questions whether plaintiff has preserved the right to appeal the underlying grant of summary judgment.

We need not decide whether the District Court abused its discretion in denying the motion for reconsideration since we conclude it abused its discretion in denying the motion to amend.

### B. Plaintiff's Motion for Leave to Amend

 Normally an appellate court reviews a district court's decision denying a plaintiff's motion for leave to amend a complaint under Rule 15(e) for abuse of discretion. *See, e.g., Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995); *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir.1987); *Marx v. Centran Corp.,* 747 F.2d 1536, 1550 (6th Cir.1984). When, however, " 'the district court has based its decision [to deny leave to amend] on a legal conclusion that the amended pleading would not withstand a motion to dismiss, there is authority that we review such a decision de novo.' " *LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1104 (6th Cir.1995) (quoting *Vild v. Visconsi,* 956 F.2d 560, 565 (6th Cir.1992) (alterations in the original) (internal quotation marks omitted)). Here, the District Court based its decision to deny plaintiff's motion for leave to amend on its conclusion that the proposed amended complaint would still fail to allege the specific elements necessary to establish a claim of general negligence. Because this conclusion is equivalent to a conclusion that the amended claim would not withstand a motion to dismiss, we review the District Court's denial of plaintiff's motion to amend de novo. Selecting between these two standards of review is of little difference in this case, however, because under either standard, the denial of plaintiff's motion for leave to amend was error.

In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court announced that, under Rule 15(e), courts should liberally grant plaintiffs leave to amend their complaints:

> Rule 15(e) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason is not an exercise of discretion; it is merely an abuse of discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182, 83 S.Ct. at 230. Plaintiff here sought relief from judgment in order to amend his complaint to cure what the district court considered a failure to allege a "broader" claim of negligence. We have recognized that it is necessary to permit the liberal amendment of complaints in order to adhere to " 'the principle that cases should be tried on their merits rather than on the technicali-

ties of pleading.'" *Janikowski*, 823 F.2d at 951.

In this case, the District Court denied plaintiff's motion for leave to amend, because it found that the proposed amended complaint would still fail to establish a broader claim of negligence. Although leave to amend should not be granted if the amended complaint could not withstand a motion to dismiss, *see Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041–42 (6th Cir.1991), this case does not present these circumstances. The original complaint may well sufficiently allege a negligence claim. The amended complaint, with more specific factual allegations, certainly would also meet these same standards. Although the complaint does not allege explicitly that defendant owed plaintiff a duty of care and breached that duty, it contains enough information from which the material elements of plaintiffs claim can be inferred. Plaintiff alleged that he was lawfully operating a snowmobile on Posey Lake,[4] that defendant negligently maintained her dock, and that the negligently maintained structure caused plaintiff's injuries. Joint Appendix at 9. All that the Federal Rules of Civil Procedure require is that the complaint "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Plaintiffs complaint sufficiently performs these functions.

▪▪▪ Furthermore, after the period of discovery, plaintiff was able to come forward with sufficient evidence to raise questions about the material issues of his claim. Michigan law provides no clearly established standards regarding the duty owed by owners of lakeside docks to the lawful users of the lake.[5] However, Michigan law recognizes that the common law "imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others. This rule of the common law arises out of the concept that every person is under the general duty to so act, or to use that which he controls as not to injure another." *Clark v. Dalman*, 379 Mich. 251, 261, 150 N.W.2d 755 (1967). Plaintiff established that he had a right to snowmobile on Posey Lake. Defendant admitted in deposition testimony that she knew people rode snowmobiles at night on the lake and that her dock did not have reflective tape, paint, or other devices to increase its visibility. We believe that Michigan courts would hold that it is a question for the jury, not the court, to decide whether under these circumstances, the defendant violated her duty of due care by maintaining a dock without reflectors. This is a question on which reasonable minds could differ. In *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990), this Circuit decided that, under similar circumstances to those here, it was an abuse of discretion for a district court to deny a plaintiff's motion to amend his complaint. *See Id.* at 1200 ("Because [plaintiffs] complaint as currently drafted will withstand a motion to dismiss, the district court's denial of [plaintiff's] motion to amend was an abuse of discretion."). The record here does not show, and the court did not mention, any evidence of undue delay, bad faith, or dilatory tactics on the part of the plaintiff. Nor was there any evidence of significant prejudice that would occur to the defendant if the

---

**4.** Neither party has questioned or considered whether plaintiff's operation of the snowmobile was consistent with the Michigan Snowmobile Act, as it existed at the time of the accident. *See* M.C.L.A. §§ 257.1501–257.1518 (West 1990). We cannot consider this issue based on the record before us.

**5.** Michigan's Recreational Land Use Act, which prohibits a cause of action against owners of private land for injury arising from snowmobiling or engaging in other outdoor recreational activities on the land of another, with or without the owner's permission, unless valuable consideration was paid for the recreational use, or

unless the injuries were caused by the gross negligence or willful or wanton misconduct of the property owner, M.C.L.A. § 300.201 (West, 1984) (for current version see M.C.L.A. § 324.733301 (West 1997, Supp.)), does not appear to be implicated here. Plaintiff had a legal right to snowmobile on Lake Posey. *See Densel v. City of Ann Arbor*, 144 Mich.App. 673, 676–77, 376 N.W.2d 181 (Mich.Ct.App.1985) (holding Recreational Land Use Act inapplicable to body of navigable water, in case where riparian owner did not have right to bar plaintiff from use of water).

plaintiff were allowed to amend his complaint. Under these circumstances, the District Court's denial of plaintiff's motion for leave to amend was inconsistent with Rule 15. Accordingly, we REVERSE the district court's decision denying plaintiff leave to amend and REMAND the action for further proceedings consistent with this opinion.

### III. Conclusion

For the foregoing reasons, we AFFIRM the District Court's dismissal of plaintiff's claim of negligence based upon a statutory violation, REVERSE its decisions that deny plaintiff relief from the grant of summary judgment and leave to amend his complaint, and REMAND to the district court for further proceedings consistent with this opinion.