Frederick WHITE, also known
as Steven Clay, Plaintiff–
Appellant,

v.

COUNTY OF WAYNE and Wayne
County Sheriff Robert Ficano,
Defendants–Appellees.

No. 00–1654.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before SILER, CLAY, and GIBSON,*
Circuit Judges.

Frederick White appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U .S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White filed his complaint in the district court alleging that he was incarcerated under cruel and unusual conditions, was denied medical treatment, and was falsely charged with feigning the need for medical attention during his temporary confinement in the Wayne County jail for four days in 1997. Plaintiff named Wayne County and its sheriff as defendants and sought compensatory and punitive damages. Defendants moved for summary judgment, and plaintiff moved for leave to file an amended complaint to add members of the jail's medical staff as defendants. The magistrate judge recommended that defendants' motion for summary judgment be granted and that plaintiff's motion for leave to file an amended complaint be denied, and plaintiff filed objections. The district court adopted the magistrate

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

judge's recommendation and entered judgment accordingly. This timely appeal followed.

On appeal, plaintiff essentially contends that his complaint and proposed amended complaint stated claims upon which relief can be granted. Defendants respond that they were entitled to summary judgment because plaintiff did not state a claim upon which relief can be granted. In addition, plaintiff has filed before this court a motion for injunctive relief. Upon de novo review, *see Mayo v. Macomb County*, 183 F.3d 554, 557 (6th Cir.1999), we affirm the judgment essentially for the reasons stated in the magistrate judge's report and recommendation filed April 25, 2000, and adopted by the district court in its memorandum opinion and order filed May 23, 2000.

Initially, it is noted that the record does not reflect that plaintiff exhausted any administrative remedies available to him before filing suit. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a civil rights action concerning conditions of confinement. *See Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). A prisoner has the burden of demonstrating exhaustion of these remedies. *See Brown*, 139 F.3d at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court should determine that the plaintiff has complied with this exhaustion requirement. *Id.* To establish exhaustion of administrative remedies prior to filing suit, a prisoner should attach any decision demonstrating the administrative disposition of his claims. *See Wyatt*, 193 F.3d at 878; *Brown*, 139 F.3d at 1104. Despite a lack of exhaustion, this court may affirm a district court judgment where plaintiff failed

to state a claim for which relief can be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103. Here, the district court's judgment can be affirmed because plaintiff failed to state a claim upon which relief can be granted.

■ The district court properly granted summary judgment for defendants because plaintiff failed to state a claim cognizable under § 1983. Municipal entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993). The doctrine of respondeat superior simply does not apply in § 1983 actions to impute liability to municipalities. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Similarly, supervisory personnel are not liable under the doctrine of respondeat superior; rather, plaintiff must allege that a supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *See Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir.1995). Here, plaintiff identified no county policy or custom that might give rise to municipal liability and alleged no personal involvement by the defendant sheriff that might give rise to liability. Accordingly, the district court properly granted judgment for these defendants.

Further, the district court properly denied plaintiff's motion to amend his complaint. This court reviews for an abuse of discretion a district court decision denying leave to amend a complaint. *See Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir.1997).

Leave to amend should be denied if the amended complaint would not withstand a motion to dismiss. *Id.* at 978. As noted, plaintiff moved for leave to amend to add jail medical personnel as defendants. However, plaintiff cited nothing that rises to the level of an Eighth Amendment violation; rather, plaintiff disputed only the adequacy of the medical treatment afforded him during his brief incarceration in the jail. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 4 (6th Cir.1976). Under these circumstances, the district court did not abuse its discretion in denying plaintiff's motion for leave to file an amended complaint. Finally, we note that plaintiff's motion for injunctive relief is meritless.

Accordingly, the motion for injunctive relief is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.