**Clark K. ALEXANDER,**
**Plaintiff–Appellant,**

v.

**Steve MECKSTROTH, Defendant–**
**Appellee.**

No. 01–2699.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

Clark K. Alexander, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Alexander filed a complaint against Steve Meckstroth, an assistant resident unit supervisor employed by the Michigan Department of Corrections at the Chippewa Correctional Facility ("URF"), Alexander's former place of confinement. Relying upon the Eighth Amendment. Alexander alleged that Meckstroth failed to protect him from an assault by an unknown prisoner. Alexander alleged that on two occasions prior to the assault, he informed Meckstroth that a threat had been made against him and requested a cell change. According to Alexander. Meckstroth directed him to complete a cell change form. Alexander alleged that he completed a cell change form on both January 16, 1998, and January 26, 1998, but was not moved from his cell. Alexander was assaulted on January 28, 1998, and suffered a skull fracture as a result.

Alexander's action proceeded to trial and on October 10, 2001, a jury rendered a verdict in favor of Meckstroth. The district court entered a judgment in accordance with the jury's verdict on October

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

12, 2001. Alexander's motion for a judgment notwithstanding the verdict or for a new trial was denied by the district court on November 20, 2001. Alexander now appeals. He requests oral argument in his appellate brief. Alexander has also filed a motion to extend the partial filing fee deadline, a motion for appointment of counsel, and a motion to view the trial transcripts.

Alexander has raised a number of issues on appeal, each of which will be considered in turn. First, Alexander argues that the district court abused its discretion when it denied his motion to amend his complaint to add Patricia Caruso, warden of the URF, as a defendant to his action. We generally review a district court's decision to deny a plaintiff's motion to amend his complaint for an abuse of discretion. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995). However, when the district court's decision to deny a motion to amend is based on " 'a legal conclusion that the amended pleading would not withstand a motion to dismiss,' " we review that decision de novo. *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir.1997) (quoting *LRL Properties v. Portage Metro. Hous. Auth.*, 55 F.3d 1097, 1104 (6th Cir.1995)). Upon review, we conclude that the allegations contained in Alexander's amended complaint could not survive a motion to dismiss. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 815 (6th Cir.1996). The motion to amend the complaint was properly denied.

Second, Alexander argues that the district court abused its discretion by denying his motions for appointment of counsel. We review a district court's order denying appointment of counsel for an abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir.1993). The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Lavado*, 992 F.2d at 605–06. Upon review, we conclude that the district court did not abuse its discretion in denying Alexander's motions for appointment of counsel. This case presented a single, non-complex issue and Alexander demonstrated his ability to handle the case in a pro se capacity throughout the proceedings below.

Third, Alexander challenges several rulings made by the district court during the trial. Alexander argues that Meckstroth's counsel "improperly invoked" the fifteen-year-old conviction of witness Sanders, the district court "overly restricted the admission of allowable evidence in [his] case causing him substantial prejudice," and the district court "did not make the adequate on-the-record finding that the probative value of [his] witness' prior non-cremeni falsi convictions outweighed any prejudicial harm."

We review challenges to the admission or exclusion of evidence at trial for an abuse of discretion. *Argentine v. United Steelworkers of Am., AFL–CIO*, 287 F.3d 476, 486 (6th Cir.2002). We will reverse a district court's evidentiary decision only if the district court abused its discretion and "such abuse of discretion has caused more than harmless error." *Id.* Upon review, we find no error in the admission of evidence regarding the convictions of witnesses Sanders and Vannoy, which was admissible under Fed.R.Evid. 609(a) and (b). We further find no error in the exclusion of evidence regarding the level of violence at URF, the rate of violence at two other prisons within the MDOC, and evidence that Alexander was assaulted at another prison approximately two years before the assault that occurred in the instant case.

Fourth, Alexander challenges the district court's denial of his motion for a judgment notwithstanding the verdict.

When reviewing a district court's disposition of a motion for a judgment notwithstanding the verdict, we do not "weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury." *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1152 (6th Cir.1995). Instead, we view the evidence "in the light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences." *Id.*

We cannot review the propriety of the district court's denial of Alexander's motion for a judgment notwithstanding the verdict because he did not move for a directed verdict at the close of all the evidence. *See Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514, 1522 (6th Cir. 1990) (court may consider a motion for a judgment notwithstanding the verdict "*only if* the moving party has previously made a motion for a directed verdict" prior to the jury retiring to deliberate). Nevertheless, upon review, we conclude that in light of the conflicting evidence and credibility issues involved in this case, the motion for a judgment notwithstanding the verdict was properly denied.

We note that in his appellate brief, Meckstroth argues that this appeal should be dismissed for lack of jurisdiction because Alexander's notice of appeal was untimely and that this action should have been dismissed by the district court for failure to exhaust administrative remedies. We find no merit to Meckstroth's arguments.

Accordingly, the request for oral argument and all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.