Dwayne E. ANDERSON,
Plaintiff–Appellant,

v.

Ralph HARRISON; Greg Helton; Billy Keistler; Richard Despain; Officer Morris; Officer Hutchinson; Kenneth Boyd; Layne, Defendants–Appellees.

No. 01–6128.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District

Judge.*

### ORDER

Dwayne E. Anderson appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to prosecute pursuant to Fed.R.Civ.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Anderson filed his complaint in the district court in 1997, alleging, inter alia, that eight defendant Michigan prison officials used excessive force while Anderson was escorted to administrative segregation. The district court ordered that service of process issue with respect to the eight defendants involved in the alleged use of excessive force, directed Anderson to file documents needed to proceed in forma pauperis, but dismissed other claims asserted by Anderson in his complaint. Thereafter, the district court dismissed Anderson's excessive force claim when it found that Anderson did not file documents needed to proceed in forma pauperis as he was directed. On appeal, this court remanded the excessive force claim to the district court for further proceedings because Anderson submitted the needed documents to prison authorities for mailing to the district court in a timely manner. See Anderson v. Campbell, No. 98–5568, 1999 WL 282673 (6th Cir. Apr. 30, 1999).

On remand, defendants filed an answer to Anderson's complaint, and the parties engaged in discovery. Anderson filed a motion to compel the defendants to comply with his request for the production of documents, and defendants responded in opposition. Approximately one month before the scheduled trial date, Anderson moved the district court for leave to amend his complaint to include a separate claim of alleged use of excessive force against him. The district court denied Anderson's motion to compel discovery. Thereafter, the district court denied Anderson's motion for leave to file a supplemental complaint.

Later still, the scheduled trial date twice was postponed. One week before the final trial date, the district court conducted a pretrial conference by telephone, and Anderson notified the court that he was not prepared to try the case and that he did not want to try the case because the court denied his motion to compel discovery. Defendants orally moved the district court to dismiss the case. Two days later, the district court granted defendants' motion and dismissed the case for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Anderson filed a timely notice of appeal. On appeal, Anderson contends that the district court abused its discretion in denying his motions to compel discovery and for leave to file an amended complaint, and in dismissing his complaint for failure to prosecute. Defendants respond that the district court properly dismissed plaintiff's complaint.

Upon consideration, we will affirm the judgment because the district court did not abuse its discretion in any of its rulings. See Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 783 (6th Cir.2000); Coleman v. Am. Red Cross, 23 F.3d 1091, 1094 (6th Cir.1994); Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir.1993). First, the district court did not abuse its discretion by denying plaintiff's motion to com-

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

pel discovery because defendants established that they complied with plaintiff's discovery requests to the best of their ability. *See Lavado,* 992 F.2d at 604. Moreover, the district court correctly concluded that plaintiff did not certify that he made an effort to secure the discovery sought as required pursuant to Fed. R.Civ.P. 27(a)(2)(A) and under local rule. Similarly, the district court did not abuse its discretion by denying plaintiff's belated motion for leave to amend his complaint, which plaintiff filed approximately one month before the scheduled trial date, and in which plaintiff sought to add a separate recent instance of alleged use of excessive force against him. *See Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir.1997); *Robinson v. Mich. Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir.1990). Finally, the district court did not abuse its discretion in granting defendants' motion to dismiss plaintiff's case. As noted, plaintiff announced that he was not prepared to try his case and that he did not want to try his case at the pretrial conference conducted one week before the scheduled trial date. Although plaintiff attributes his unwillingness to proceed to trial on the district court's earlier denial of his motion to compel defendants to comport with discovery, plaintiff left the district court little choice but to dismiss the case.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.