**Phillip TATE, Plaintiff–Appellant,**

v.

**Martin R. LOWERY, MD; Reginald A. Wilkinson, Defendants–Appellees.**

No. 03–3273.

United States Court of Appeals, Sixth Circuit.

Sept. 8, 2003.

Phillip Tate, Pro Se, Marion, OH, for Plaintiff–Appellant.

Scott M. Campbell, Office of the Attorney General, Columbus, OH, for Defendants–Appellees.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

## ORDER

Phillip Tate, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 10, 2002, Tate filed a complaint against Martin R. Lowery, M.D., a physician formerly employed by the Ohio Department of Rehabilitation and Correction ("ODRC"), and Reginald A. Wilkinson, Director of the ODRC. Tate alleged that in 1993, he was "diagnosed with carpal tunnel syndrome and pinched nerve of the right hand" and that since his initial diagnosis, he had been "consistently examined, diagnosed, and prescribed to a medical course of treatment." Tate also alleged that, as a result of his condition, he was issued a medical work restriction, which prevented prison officials from assigning him jobs that required the use of his right hand, and was prescribed pain medication.

On August 4, 2000. Tate alleged that Lowery concluded, without consulting any other institutional physician that had treated him in the past, that he did not have carpal tunnel syndrome. Lowery also rescinded Tate's medical work restriction and cancelled his pain medication. Following Lowery's diagnosis, Tate alleged that he was assigned jobs that required the continuous use of his right hand, which caused him severe pain.

Tate alleged that Wilkinson "permitted, encouraged, tolerated, and/or ratified a practice. custom and procedure" by which one prison physician could override a prior medical diagnosis and treatment plan ordered by another prison physician "without requiring consultation with, and or deferennce [*sic*] to, the expertise and patient familiarity of the treating physicians." Tate also alleged that Wilkinson failed to promulgate a policy to deal with situations where two or more conflicting medical opinions exist. Tate sought declaratory, injunctive, and monetary relief.

Lowery was never served with the summons and complaint and, after due notice, the district court dismissed the case against him without prejudice under Federal Rule of Civil Procedure 4(m). Tate does not challenge that ruling on appeal.

Wilkinson filed a motion for summary judgment, to which Tate responded. A magistrate judge filed a report in which he recommended granting Wilkinson's motion. Over Tate's objections, the district court granted Wilkinson's motion for summary judgment, in accordance with the magistrate judge's recommendation, and

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

dismissed the case. Tate has filed a timely appeal.

We review de novo the district court's grant of summary judgment. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly dismissed Tate's complaint, because it failed to state a claim upon which relief could be granted against Wilkinson. Tate's claim against Wilkinson was based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 817–18 (6th Cir.1996). In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, was personally responsible for the alleged unconstitutional actions that caused his injury. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). However, Tate failed to allege that Wilkinson was either personally involved or knowingly acquiesced in any unconstitutional conduct. The complaint contained no allegation that Wilkinson had any personal involvement in Tate's medical treatment and the record contained no evidence that Wilkinson was aware of Tate's complaints against Lowery. Liability under § 1983 cannot be imposed merely because of the supervisory position which Wilkinson held. *See id.*

We further conclude that the district court properly denied Tate's motion to amend his complaint. *See Jet, Inc. v. Sewage Aeration Sys.,* 165 F.3d 419, 425 (6th Cir.1999); *Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir.1997). Because the allega-

tions contained in Tate's amended complaint could not survive a motion to dismiss, *see Monell,* 436 U.S. at 691, 98 S.Ct. 2018; *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999), his motion to amend his complaint was futile.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.