Stefano SPIGNO, Plaintiff,

v.

**PRECISION PIPELINE, LLC, and Alan Gansch, Defendants.**

**Ann E. Blaauw, Plaintiff,**

v.

**Precision Pipeline, LLC and Alan Gansch, Defendants.**

**Case Nos. 14–10076, 14–11440.**

United States District Court, E.D. Michigan, Southern Division.

Signed Nov. 7, 2014.

Barton C. Rachwal, Bingham Farms, MI, Barry A. Seifman, Barry A. Seifman PC, Farmington Hills, MI, for Plaintiff.

Paul T. O'Neill, Thomas P. Branigan, Bowman & Brooke LLP, Bloomfield Hills, MI, Eric C. Jones, Myers & Myers, PLLC, Howell, MI, Concetta M. Moceri–Louzon, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Novi, MI, for Defendants.

### OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO AMEND COMPLAINT

DAVID M. LAWSON, District Judge.

The plaintiffs in these consolidated cases each were injured in a common motor vehicle accident involving the defendants. They each filed complaints under Michigan's no-fault insurance law for third-party damages against the defendants, alleging that defendant Alan Gansch was negligent, and that he was acting as defendant Precision Pipeline's employee at the time. The plaintiffs' theory of liability against Precision Pipeline originally was based on the doctrine of *respondeat superior*. After discovery proceeded, the plaintiffs both filed motions to amend their respective complaints to add a second theory of liability: that Precision Pipeline was the owner of the truck Gansch was driving, and therefore it is liable under Michigan's owner's liability statute, Michigan Compiled Laws § 257.401(1). The defendants filed responses in opposition arguing that the amendment would be futile because the claim would fail as a matter of law. The Court scheduled the motions for oral argument. However, the Court has reviewed the motion papers and finds that they adequately set forth the relevant facts and law, and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for November 6, 2014 is **CANCELLED.** The Court finds that an amended complaint would state a viable claim under section 257.401(1), and the amendment otherwise would be allowable under Federal Rule of Civil Procedure 15. Therefore, the Court will grant the motions.

I.

The accident occurred on December 14, 2012. At the time, Gansch was driving a large Peterbilt semi-truck eastbound on Highland Road near Eager Road in Oceola Township, Michigan. Plaintiff Stefano Spigno was driving in the same direction in front of Gansch's truck. Gansch rear-ended Spigno's car, causing him to spin out and cross the center line into the path of an oncoming westbound car driven by plaintiff Ann E. Blaauw. Spigno and Blaauw suffered serious injuries in the resulting collision, and both subsequently sued Gansch and Precision for negligence.

Each of the plaintiffs alleged in their original complaints that defendant Precision Pipeline was liable for the injuries caused by Gansch's driving because he was at the time of the accident an employee of Precision acting within the scope of his employment. Now the plaintiffs contend that they have learned facts that suggest Precision Pipeline may qualify as an owner of the truck under Michigan Compiled Laws § 257.37(a), because (1) Precision Pipeline had rented or had exclusive use of the truck for a period of more than 30 days at the time of the accident; and (2) Gansch was operating the truck with the express or implied consent of Precision Pipeline.

Plaintiff Spigno filed his complaint against defendants Precision Pipeline and Alan Gansch on January 8, 2014. Plaintiff Blaauw filed her complaint against the defendants on April 8, 2014, after the Court denied her motion to intervene in *Spigno*. The Court ordered the matters consolidat-

ed for discovery and pretrial proceedings and ordered that the scheduling order entered in *Spigno* would apply to both cases. Under the scheduling order entered by the Court, discovery closed on October 15, 2014. The plaintiffs filed their motions to amend before then.

## II.

■ Motions to amend before trial are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court. Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir.1997). The defendants oppose the motion on futility grounds.

■ If the district court concludes that the pleading as amended could not withstand a motion to dismiss, then the court may deny the motion to amend as futile and save the parties and the court the expense of having to confront a claim doomed to failure from its outset. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir.1989); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir.1986); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir.1980). "[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Courie v. Alcoa*

*Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

■ The plaintiffs brought their claims under Michigan law, and the parties have invoked this Court's diversity jurisdiction. Michigan substantive law supplies the rules for decision. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (holding that in diversity cases brought under state law, a federal court must apply the substantive law of the forum state's highest court). If the state's highest court has not decided an issue, then "the federal court must ascertain the state law from 'all relevant data,'" *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir.1995) (quoting *Bailey v. V. & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985)), which can include "the state's intermediate appellate court decisions, as well as the state supreme court's relevant dicta," *Ososki v. St. Paul Surplus Lines*, 156 F.Supp.2d 669, 674 (E.D.Mich.2001) (internal quotation marks and citation omitted).

Under Michigan law, "[t]he *owner* of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle ... [that was] being driven with his or her express or implied consent or knowledge." Mich. Comp. Laws § 257.401(1) (emphasis added). The definition of "owner" includes "[a]ny person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days." Mich. Comp. Laws § 257.37(a). The dispute in these motions focuses on whether the proposed amended complaint can allege facts that qualify Precision Pipeline as an "owner" of Gansch's truck when the accident occurred.

At his deposition on August 20, 2014, Gansch testified, and as the plaintiffs presumably will allege in their amended complaints, that (1) the truck was titled in Gansch's name; (2) while working for Precision he was paid separately for his own hourly wages and for "rig pay" based on the number of hours of use of the truck during his work day; (3) he was "on call" with Precision and could be called out to do work (and to use his truck) at any hour of the day or night during the time he was working for Precision in Michigan; (4) during that period, he did not use the truck to do work for anyone other than Precision; (5) the truck had a "not for hire" sign posted on it; (6) Precision paid for fuel, parts, and supplies such as grease and oil needed to maintain the truck, and allowed Gansch to work on the truck during his usual working hours at the job site; and (7) the only reason that he did not submit a bill to Precision for repairs to the truck after the accident was that his insurance paid for the repairs. The plaintiffs argue that Precision Pipeline hired Gansch and his truck, of which it had exclusive use, for the required time to make Precision an "owner" under the statute.

The defendants disagree. They contend that the plaintiffs cannot establish that Precision either "rented" or had "exclusive control" of the truck for the required 30-day period under the statute. According to the defendant, the record shows that (1) the truck was titled in Gansch's name; (2) before he started his work for Precision in Michigan, Gansch used the truck to tow a trailer from Pennsylvania to Michigan that served as his temporary residence while working here; and (3) after the accident Gansch paid for and performed the repairs on the truck himself, and Precision never paid for any of the work or parts used to repair the accident damage. Precision further contends that Gansch drove the truck to and from his temporary home each day and was free to use it however he liked when he was not working. The defendant contends that because the "rental period" lasted—if at all—only during Gansch's working hours and did not continue during his off hours, the plaintiffs cannot show "continuous" exclusive use for any 30-day period.

■ All that, however, is beside the point. In assessing the alleged futility of a proposed amendment, the focus is on whether the allegations in the amended complaint could withstand a motion to dismiss, not the whether the plaintiff will be able to support the allegations with proofs. *Head*, 870 F.2d at 1123 (quoting *Martin*, 801 F.2d at 248). That reality confines the inquiry to the proposed pleading. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir.2010) (holding that assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir.2008) (reiterating that consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings).

Precision's arguments would be well taken in a brief in support of a motion for summary judgment on the plaintiffs' "owner's liability" claims. But the question at this stage of the case is simply whether, assuming that the plaintiffs could prove the allegations that they have set forth as to "ownership," the amended complaints would state valid claims for owner liability under the relevant Michigan statutes.

■ The Michigan Court of Appeals has explained that "the word 'owner' is not meant to restrict liability to a person or entity whose title is good against all others, and under the [motor vehicle] code there may be several owners." *Ringewold v. Bos*, 200 Mich.App. 131, 135, 503 N.W.2d

716, 719 (1993) (citing *Messer v. Averill*, 28 Mich.App. 62, 65, n. 2, 183 N.W.2d 802, 804 n. 2 (1970)). "[A] person need not hold legal title to an automobile in order to be an 'owner' of it under the code." *Ibid.* "The general rule of law from *Ringewold* and its predecessors ... is that the definition of 'owner' in [Mich. Comp. Laws § ]257.37(a) is not restricted to those who have actually exercised exclusive control over the vehicle for a thirty-day period; rather, an 'owner' may be any person who has a 'right to exclusive use' of the vehicle for a period exceeding thirty days, regardless of whether the person has, in fact, controlled the vehicle for that period." *Schwarze v. Dilworth*, No. 257467, 2006 WL 2085311, at *11 (Mich.Ct.App. July 27, 2006); *Sec. Ins. Co. of Hartford v. Daniels*, 70 Mich.App. 100, 106, 245 N.W.2d 418, 422 (1976) ("We read 'exclusive use' as meaning 'right to exclusive use.' We do not think it is relevant that the [defendants] chose never to use the vehicle."); *Ketola v. Frost*, 375 Mich. 266, 279, 134 N.W.2d 183, 190 (1965) ("The ... lessee's 'exclusive use' of the unit was ... no less 'exclusive' than if the proviso [allowing the lessor to use a truck when the lessee did not require the use of it] had been left out of the lease, the lessee having the 'exclusive' right to say when if at all it did not 'require' such unit.").

 The inquiry whether a defendant qualifies as an "owner" under the owner liability statute generally is a question that depends on the facts and circumstances such as who held title to the vehicle, and who had possession and the right to exclusive use of it during the relevant time period. *See People v. Jackway*, No. 313703, 2014 WL 1510120, at *2 (Mich.Ct. App. Apr. 15, 2014) ("Cornette's actions of purchasing the truck, installing a new motor in it, keeping it on his property for six months, deciding to sell it after the crime,

and then receiving the proceeds of its sale, permitted the jury to reasonably infer that he exclusively used the truck for more than 30 days."); *In re Young*, 468 B.R. 818, 823 (Bankr.E.D.Mich.2012) ("[T]he certificate of title is not dispositive [and] one may be an owner of a vehicle notwithstanding the fact that such individual is not shown as the owner on the certificate of title.") (citing *Twichel v. MIC General Insurance Corp.*, 469 Mich. 524, 676 N.W.2d 616 (2004)); *Dilworth*, 2006 WL 2085311, at *9–11 (collecting cases).

Under Michigan law the terms "owner" and "exclusive use" have been construed broadly, considering the particular facts and circumstances in each case. It is not at all evident on the facts suggested by the parties that the defendant will be entitled to judgment as a matter of law on this question, if and when it moves for that relief. But even if the defendants might prevail on a motion under Rule 56, it is enough to say here that the proposed amendment adding a liability theory based on the owner's liability statute would survive a motion under Rule 12(b)(6). The defendants' futility argument, therefore, must be rejected.

### III.

The defendants have opposed the motion to amend the complaints based on futility of the amendment. They have not offered any other reason for rejecting the amendment. Because the proposed amendment is not futile, leave will be granted under Rule 15(a)(2).

Accordingly, it is **ORDERED** that the plaintiffs' motions to amend the complaints [14–10076, dkt. # 34; 14–11440 dkt. # 27] are **GRANTED**.

It is further **ORDERED** that the plaintiffs may file amended complaints **on or before November 14, 2014** adding counts

under Michigan's owner's liability statute, Michigan Compiled Laws § 257.401(1).